# EXHIBIT 5

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: **DAVILA-BAJANA JUAN**   **47580-053**   **BA**   **MCKEAN**
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

**Part A- INMATE REQUEST**

On 4/8/03, I filed Administrative Remedy complaining about my ailments due to UNICOR excessive secondhand smoke. In retaliation for complaining about UNICOR complaining about UNICOR secondhand smoke, and about the health problems caused by UNICOR ETS, I was fired from UNICOR.

On 4/29/03, I had a meeting with Safety Manager, Mr. Sapko, Mr. Holohan and Mr. Clark. They coerced me to withdraw my administrative remedy against UNICOR for the secondhand smoke and in return I was promised to be reinstate to my UNICOR job in the Dayshift instead of Nightshift. They claimed smoking is better managed in the DayShift. The aforementioned individuals told me that they have talked to Ms. Forsyth, and she will reinstate me to my UNICOR job. Between May 1-27, 2003, I repeatedly talked to Ms. Forsyth in the Mainline, in UNICOR, and she repeatedly told me that she will reinstate me before she depart to her new job. She deliberately left without keeping to her promise.

**RELIEF:**
Because the above individuals coerced me to withdraw my administrative remedy for secondhand smoke and lied to me that they will reinstate me to my UNICOR job, I am reinstating my claim of the injury I suffered from UNICOR secondhand smoke.

_____     _____
DATE                SIGNATURE OF REQUESTER

**Part B- RESPONSE**

_____     _____
DATE                WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

CASE NUMBER: **304911**

SECOND COPY: RETURN TO INMATE

CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____   _____   _____   _____
LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT   INSTITUTION

SUBJECT: _____

_____     _____
DATE                RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP-229(13)
APRIL 1982

DAVILA-BAJANA, JUAN
Reg. No. 47580-053
MCK 304411 - F1

## PART B - RESPONSE

This is in response to your Request for Administrative Remedy, receipted in my office on July 8, 2003, in which you allege that you were coerced to withdraw an existing administrative remedy regarding secondhand smoke in the UNICOR Factory. You further allege that in recognition of withdrawing your original administrative remedy, you were to be rehired in UNICOR.

An investigation into your allegations reveals the following: You withdrew your administrative remedy without any conditions. You were told that any attempt to regain your job would be in response to discussions with the Superintendent of Industries. The Superintendent indicated that you were removed because of activities deemed to interfere with the safe and orderly running of the factory; and, at a minimum, your status would be reevaluated in the future for possible rehiring. At no time were you told that you would be rehired.

With respect to your claim of adverse health related to secondhand smoke in the factory, there have been three separate visits by a compliance officer from the Occupational Safety and Health Administration (OSHA). The dates of the visits were Wednesday April 16, 2003, Wednesday May 14, 2003, and from Tuesday June 17, 2003 through Wednesday June 18, 2003. The preliminary findings indicate no evidence of any concerns related to the air quality within the factory. This includes the air quality as it relates to the smoking area within the factory. All appropriate and necessary practices are being followed in accordance with OSHA regulations. A final report will be provided by OSHA detailing the visit and will list any possible recommendations. Upon receipt of a final report, the information will be disseminated in accordance with OSHA guidelines.

Based on these findings your Request for Administrative Remedy is denied.

In the event that you are not satisfied with this response, you may appeal within twenty (20) calendar days from the date of this response by submitting a BP-DIR-230 to the regional director.

7-21-03
Date

John J. LaManna, Warden

# ADMINISTRATIVE REMEDY INFORMAL RESOLUTION WORKSHEET

**PART 1**: NOTICE TO INMATE: Be advised that before filing a Request for Administrative Reme[dy] Form BP-9, you **MUST** attempt to informally resolve your complaint through your Correction[al] Counselor. Briefly state complaint below, and list what efforts you have made to resolve yo[ur] complaint informally, stating names of staff contacted.

This Informal Resolution was issued by the Correctional Counselor on _____ and return[ed] to the Counselor on _____ (date).                                            (date)

Inmate's Name _Juan Davila Bavana_ Number _47580-053_ Unit _B-A_

1. Complaint: _Please See Attached._

2. Specific relief desired: _See Attached._

3. Efforts made to informally resolve and staff contacted: _SOI UNICOR._

Inmate's Signature     Dated 6/12/03     47580-053
                                          Inmate's Register Number

**PART 2:**   CORRECTIONAL COUNSELOR'S COMMENTS:

1. Efforts made to informally resolve and names of staff contacted:

   ACCORDING TO UNICOR STAFF YOU WILL HAVE TO BE OUT OF UNICOR FOR NINETY DAYS BEFORE YOU WILL BE PLACED BACK IN UNICOR. YOU WILL ALSO LOSE YOU LONGEVITY. IF YOU HAVE ANY QUESTIONS REGARDING THIS ISSUE, I SUGGEST THAT YOU SPEAK WITH MR. HOLOHAN, UNICOR AT MAIN LINE.

   Date informally resolved or BP-9 issued (circle one): _____
   Counselor's Signature: T. HOLT, COUNSELOR UNIT BA   6-27-2003

If complaint is NOT informally resolved, forward original attached to BP-229 form to Warden (Attn: Warden's Secretary).