# EXHIBIT 8

TRT-NER-2003-0355

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 EXPIRES 3-31-91 |
|---|---|---|
| 1. Submit To Appropriate Federal Agency:<br>REGIONAL DIRECTOR, U. S. DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF PRISONS<br>NORTHEAST REGIONAL OFFICE<br>U.S. CUSTOMS HOUSE, 7TH FLOOR<br>2ND & CHESTNUT STREETS, PHILADELPHIA, PA 19106 | 2. Name, Address of claimant and claimant's personal representative, if any. (See instructions on reverse.) (Number, street, city, State and Zip Code)<br>DAVILA-BAJANA, JUAN; REG. NO: 47580-053<br>FCI-MCKEAN, P.O. BOX 8000<br>BRADFORD, PA. 16701 | |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY  ☐ CIVILIAN | 4. DATE OF BIRTH<br>12/18/54 | 5. MARITAL STATUS<br>S | 6. DATE AND DAY OF ACCIDENT<br>4-8-03 | 7. TIME (A.M. OR P.M.)<br>24/7 |
|---|---|---|---|---|

8. Basis of Claim (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurence and the cause thereof) (Use additional pages if necessary.)

PLEASE SEE ATTACHED.

9. PROPERTY DAMAGE

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, street, city, State, and Zip Code)
N/A

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF DAMAGE AND THE LOCATION WHERE PROPERTY MAY BE INSPECTED. (See instructions on reverse side.)
N/A

10. PERSONAL INJURY/WRONGFUL DEATH

STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT.      SEE ATTACHED

JUL 10 2003

11. WITNESSES

| NAME | ADDRESS (Number, street, city, State, and Zip Code) |
|---|---|
| N/A | N/A |

12. (See instructions on reverse)    AMOUNT OF CLAIM (in dollars)

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights.) |
|---|---|---|---|
| N/A | $2.5 MILLION | N/A | $2.5 MILLION |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE ACCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side.) | 13b. Phone number of signatory | 14. DATE OF CLAIM<br>7/5/03 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant shall forfeit and pay to the United States the sum of $2,000, plus double the amount of damages sustained by the United States. (See 31 U.S.C. 3729.) | Fine of not more than $10,000 or imprisonment for not more than 5 years or both. (See 18 U.S.C. 287, 1001.) |

95-108         NSN 7540-00-634-4046         STANDARD FORM 95 (Rev. 7-85)
Previous editions not usable.                PRESCRIBED BY DEPT. OF JUSTICE
                                             28 CFR 14.2

DAVILA-BAJANA JUAN               47580-053            BA            MCKEAN

On 4/8/03, I filed Administrative Remedy complaining about my ailments due to UNICOR excessive secondhand smoke. In retaliation for complaining about UNICOR complaining about UNICOR secondhand smoke, and about the health problems caused by UNICOR ETS , I was fired from UNICOR.

On 4/29/03, I had a meeting with Safety Manager, Mr. Sapko, Mr. Holohan and Mr. Clark. They coerced me to withdraw my administrative remedy against UNICOR for the secondhand smoke and in return I was promised to be reinstate to my UNICOR job in the Daysift instead of Nightshift. They claimed smoking is better managed in the DayShift. The aforementioned individuals told me that they have talked to Ms. Forsyth, and she will reinstate me to my UNICOR job. Between May 1-27, 2003, I repeatedly talked to Ms. Forsyth in the Mainline, in UNICOR, and she repeatedly told me that she will reinstate me before she depart to her new job. She deliberately left without keeping to her promise.

**RELIEF:**

Because the above individuals coerced me to withdrew my administrative remedy for secondhand smoke and lied to me that they will reinstate me to my UNICOR job, I am reinstating my claim of the injury I suffered from UNICOR secondhand smoke.

The injuries I suffered include but not limited to: shortness of breath, dizziness, heart blockage, chronic coughing, chronic obstructive pulmonary disease, irreversible small and large airway obstruction.

**TOTAL AMOUNT OF DAMAGES .....$2.5 million**



Federal Correctional Institution McKean
Name: DAVILA-BAJANA, JUAN
Reg. #: 47580-053
P.O. Box 8000
Bradford, PA 16701

CERTIFIED MAIL
7001 0320 0001 6978 2420

REGIONAL COUNSEL
U.S. DEPARTMENT OF JUSTICE
NORTHEAST REGIONAL OFFICE
U.S. CUSTOMS HOUSE, 7TH FLOOR
2ND & CHESTNUT STREETS
PHILADELPHIA, PA. 19106

SPECIAL MAIL

P.O. B[ox]
BRADFORD, PA 167[01]
The enclosed letter was pro[cessed]
for forwarding to you. The l[etter was not]
inspected. If the writer rais[es a question or complaint over which]
this facility has jurisdiction, y[ou may wish to return the material]
for further information or clar[ification. If the writer encloses]
correspondence for forwardi[ng to another addressee, please return]
the enclosure to the above ad[dress.]

Case 1:04-cv-00253-SJM-SPB    Document 17-9    Filed 11/14/2005    Page 4 of 8

UNITED STATES GOVERNMENT

# Memorandum

Northeast Regional Office, Philadelphia, PA
FEDERAL BUREAU OF PRISONS

**DATE:** December 12, 2003

**REPLY TO ATTN OF:** Henry J. Sadowski, Regional Counsel

**SUBJECT:** Juan Davila-Bajana, Reg. No. 47580-053
Administrative Tort Claim No. TRT-NER-2003-03520

**TO:** John J. LaManna, Warden
FCI McKean

Attached is a memorandum informing the above-named inmate of my decision regarding his administrative tort claim. Also attached is an "Acknowledgment of Receipt" form to be signed by the inmate and witnessed by staff.

Please have a member of your staff deliver the decision memorandum to the inmate and have the inmate sign the "Acknowledgment of Receipt" form. The decision memorandum is for the inmate to keep. The signed acknowledgment should be returned to this office.

If the inmate is no longer in your custody, please return all correspondence to this office.

Your assistance in this matter is appreciated.

Attachments:   Memorandum
               Acknowledgment of Receipt

UNITED STATES GOVERNMENT

# Memorandum

Northeast Regional Office, Philadelphia, PA
FEDERAL BUREAU OF PRISONS

**DATE:** December 12, 2003

**REPLY TO ATTN OF:** Henry J. Sadowski, Regional Counsel

**SUBJECT:** Your Administrative Tort Claim, No. TRT-NER-2003-03520

**TO:** Juan Davila-Bajana, Reg. No. 47580-053
FCI McKean

Your Administrative Tort Claim No. TRT-NER-2003-03520, properly received by this agency on July 10, 2003, has been considered for settlement as provided by the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2672, under authority delegated to me by 28 C.F.R. § 543.30. You seek compensatory damages in the amount of $2,500,000.00 for an alleged personal injury. Specifically, you claim you were exposed to second-hand smoke in the UNICOR factory at the Federal Correctional Institution (FCI), McKean, Pennsylvania. You state you filed an administrative remedy concerning the ailments you were experiencing as a result and, in retaliation, were fired from your job assignment in UNICOR. You state you were guaranteed return to work in UNICOR if you withdrew your complaint, but you have not yet been returned to UNICOR. You claim to suffer shortness of breath, dizziness, heart blockage, chronic coughing, chronic obstructive pulmonary disease and airway obstruction.

After careful review of this claim, I have decided not to offer a settlement. Investigation reveals you were removed from UNICOR after you demonstrated behavior which interfered with the safe and orderly running of the factory. There is no evidence to suggest you filed a Request for Administrative Remedy (BP-9) and later withdrew your complaint. Review of your medical record indicates you have a history of a positive tuberculosis test, but there is no evidence you experience cardiac or active pulmonary disease. Tests in the UNICOR factory by the Occupational Safety and Health Administration (OSHA) indicate no evidence of any concerns relating to the air quality, including the designated smoking area within UNICOR. You fail to demonstrate you have actually experienced a personal injury as the result of negligence on the part of any Bureau of Prisons' employee.

Accordingly, your claim is denied. If you are dissatisfied with this decision, you may seek reconsideration from this office or bring an action against the United States in an appropriate United States District Court within six (6) months of the date of this memorandum.

cc: John J. LaManna, Warden, FCI McKean

ACKNOWLEDGMENT OF RECEIPT

DENIAL OF TORT CLAIM

I, Juan Davila-Bajana, Reg. No. 47580-053, hereby acknowledge receipt this _____ day of _____, 2003, of the December 12, 2003, memorandum from Henry J. Sadowski, Regional Counsel, Northeast Region, Federal Bureau of Prisons, informing me of the denial of my tort claim (TRT-NER-2003-03520).

_____
Signature

Witnessed this _____ day of _____, 2003.

_____
Staff Witness

ACKNOWLEDGMENT OF RECEIPT

DENIAL OF TORT CLAIM

I, Juan Davila-Bajana, Reg. No. 47580-053, hereby acknowledge receipt this _28TH_ day of _DECEMBER_, 2003, of the December 12, 2003, memorandum from Henry J. Sadowski, Regional Counsel, Northeast Region, Federal Bureau of Prisons, informing me of the denial of my tort claim (TRT-NER-2003-03520).

_____
Signature

Witnessed this _28TH_ day of _DECEMBER_, 2003.

_____
Staff Witness