IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JUAN DAVILA-BAJANA,            )   CIVIL ACTION NO. 04-253E
                               )
        Plaintiff,             )   Hon. Sean J. McLaughlin
                               )   United States District Judge
vs.                            )
                               )   Hon. Susan Paradise Baxter, Chief
TIM HOLOHAN, et al.,           )   United States Magistrate Judge
                               )
        Defendant.             )

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

NOW COMES, the Plaintiff, Juan Davila-Bajana, and appearing pro se, hereby files with this Court his opposition to the Government's Motion to Dismiss the Complaint.

1. Actions against the named Defendant's are proper in this matter, as, after being placed on notice that their actions violated the United States Constitution and federal law failed to take corrective measures. They are liable pursuant to 28 U.S.C. §§ 1331 and 1343. see e.g., Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3rd Cir. 1976).

2. Plaintiff is filing a motion pursuant to Fed.Civ.P. Rule 15 contemporaneously with this pleading adding the UNITED STATES OF AMERICA as a defendant in this matter as to the claims of negligence pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671.

3. Contrary to the Government's contentions, the claims brought forth in his civil complaint were properly exhausted. Plaintiff completed each step of the administrative remedy provisions as governed by the Bureau of Prisons' administrative regulations. The administrative remedy exhaustion requirements do not require the Plaintiff to argue, with specificity, each constitutional violation. The basis for each claim was addressed on the administrative remedies.

4. With respect to the future injury claim(s), Helling v. McKinney, 509 U.S. 25 (1993), determined that a cause of action exists under the Eighth Amendment when a prisoner alleges that prison officials have exposed him, with deliberate indifference, to levels of ETS that pose an unreasonable risk of harm to his future health. Id., 509 U.S. at 35, (concluding that prisoner stated a claim where he was forced to share a cell with a five-pack-per-day smoker); see also, Atkinson v. Taylor, 316 F.3d 257, 262 (3rd Cir. 2003).

5. It is a fact that prisoners, in the federal prison system, were exposed to ETS, daily, and that this exposure was unreasonable. Helling, 509 U.S. 35. Moreover, federal courts, including the Supreme Court of the United States, have noted that based on scientific and statistical inquiries into the seriousness of the potential harm and the likelihood of such injury to health will actually be caused by exposure to ETS, the Eighth Amendment. Id., 509 U.S. at 36; see also, Atkinson, 316 F.3d at 262.

6. Almost every court to have addressed the issue has denied the adverse party's motion to dismiss under Rule 12, , as here. see Atkinson, 316 F.3d at 263; Alvarado v. Litscher, 267 F.3d 648, 653 (7th Cir. 2001)(affirming District Court's denial of Rule 12(b)(6) motion to dismiss in ETS suit); Warren v. Keane, 196 F.3d 330, 333 (2d Cir. 1999); Rochon v. City of Angola, Louisiana, 122 F.3d 319, 320 (5th Cir. 1997)(affirming District Court's denial of a Rule 12(b)(6) motion to dismiss where prisoner asserted that he was forced to live and work in an environment filled with tobacco smoke, even though the smoke had not yet harmed his health but allegedly posed a threat to his health in the future); Jacobs v. Young, 1995 WL 150402 at *2 (6th Cir. April 5, 1995)(concluding prisoner's right to be free from

ETS was clearly established in 1993); Weaver v. Clarke, 45 F.3d 1253, 1256 (8th Cir. 1995).

7. Plaintiff's present injury claim for ETS exposure is grounded in a clearly established constitutional right. Although Helling dealt only with prisoner's risk of future harm, the Supreme Court clearly established the framework for analyzing claims of present harm in Estelle v. Gamble, 429 U.S. 97 (1979).

8. Based on the above, it is clear that the Plaintiff is entitled to relief in this matter. Plaintiff has also clearly exhausted his administrative remedies regarding these issues.

WHEREFORE, facts and premises considered, the Plaintiff prays that this Court will deny the Defendants' motion to dimiss in this matter.

Dated: February 20, 2006                    Respectfully submitted:

                                            Juan Davila-Bajana
                                            Reg. No. 47580-053
                                            FCI McKean
                                            P.O. Box 8000
                                            Bradford, PA. 16701-0980

                                            Plaintiff pro se

CERTIFICATE OF SERVICE

I do hereby certify that on this the 20th day of February, 2006, I placed into the hands of prison officials, at the Lunch Mainline, a true and correct copy of the foregoing pleading, for delivery to the U.S. Postal Service, first-class postage prepaid, for service to:

Mr. Paul D. Kovac, Esq.
Assistant U.S. Attorney
700 Grant Street, Suite 4000
Pittsburgh PA 15219

Juan Davila-Bajana