IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUAN DAVILA-BAJANA, | ) | Civil Action No. 04-253E |
| | ) | |
| Plaintiff, | ) | Hon. Sean J. McLaughlin |
| | ) | United States District |
| v. | ) | Judge |
| | ) | |
| TIM HOLOHAN, et al., | ) | Hon. Susan Paradise Baxter |
| | ) | Chief United States Magistrate |
| Defendants. | ) | Judge |
| | ) | |
| | ) | ELECTRONICALLY FILED |
| | ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
FOR LEAVE TO AMEND COMPLAINT**

Plaintiff's Complaint was received by the Court in this case on or around September 8, 2004, and filed on or around January 12, 2005.  See Docket Nos. 1, 6.  On or around November 14, 2005, Defendants submitted a Motion to Dismiss and Memorandum of Law in Support, based upon two separate grounds: 1) failure to exhaust all available administrative remedies with respect to the Bivens action, and 2) failure to file the Federal Tort Claims Act (FTCA) action within the statutory period of time.  See Docket Nos. 16-17.

Plaintiff now seeks leave to amend the Complaint in this case.  The nature of Plaintiff's amendment is solely to add the United States as a Defendant for purposes of the FTCA action.

While Rule 15(a) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") generally allows the Court to freely grant leave to amend, Rule 15 does not allow an amendment where there has been undue delay, bad faith, undue prejudice, or where the

amendment would be futile.  Fed. R. Civ. P. 15(a); <u>Foman v.</u>

<u>Davis</u>, 371 U.S. 178, 182 (1962); <u>Jablonski v. Pan American</u>

<u>Worldwide Airways, Inc.</u>, 863 F. 2d 289, 292. (3rd Cir. 1988).

   An amendment of the complaint is futile if, "the amendment

would not cure the deficiency in the original complaint or if the

amended complaint would not withstand a renewed motion to

dismiss.  <u>Id.</u>; <u>see</u> <u>also</u>, <u>Massarsky v. General Motors Corp.</u>, 706

F. 2d 111, 125 (3rd Cir), <u>cert.</u> <u>denied</u> 464 U.S. 937 (1983).

   In <u>Jablonski</u>, although the proposed amendment would have

alleged a new theory of liability, the court denied the motion

because the complaint would still be barred by the state's two-

year statute of limitations.  As such, amendment of the complaint

was determined to be futile because "the amended complaint could

not withstand a renewed motion for judgment on the pleadings."

<u>Jablonski</u>, 863 F.2d at 292.

   Similarly, in the present case, Defendants have moved to

dismiss the FTCA portion of the Complaint because it was barred

by the FTCA's statute of limitations, 28 U.S.C. § 2401(b).  Even

if Plaintiff were allowed to amend the Complaint, no amendment

could cure this deficiency in the original Complaint, or render

the Amended Complaint able to withstand a renewed motion to

dismiss.  As such, Plaintiff's Motion for Leave to Amend the

Complaint should be denied as futile, and Plaintiff's original

FTCA claim must be dismissed because it is barred by the statute

of limitations as fully brief in our motion to dismiss.

                              Respectfully submitted,

                              MARY BETH BUCHANAN
                              United States Attorney


                         By:  s/Paul D. Kovac_____
                              Assistant U.S. Attorney
                              Western District of Pennsylvania
                              U.S. Post Office & Courthouse
                              700 Grant Street, Suite 4000
                              Pittsburgh, PA 15219
                              (412) 894-7489

OF COUNSEL:                   DOUGLAS S. GOLDRING
                              Assistant General Counsel
                              Federal Prison Industries (UNICOR)
                              400 First Street, NW, 8th Floor
                              Washington, DC 20534

Dated:  March 1, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of March, 2006, I electronically filed and/or served by first-class U.S. mail a true and correct copy of **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**:

> Mr. Juan Davila-Bajana
> Plaintiff <u>Pro</u> <u>Se</u>
> Reg. No. 47580-053
> FCI-McKean
> Post Office Box 8000
> Bradford, PA 16701

> <u>s/Paul D. Kovac</u>
> Assistant U.S. Attorney