IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUAN DAVILA-BAJANA, | ) | Civil Action No. 04-253E |
| | ) | |
| Plaintiff, | ) | Hon. Sean J. McLaughlin |
| | ) | United States District |
| v. | ) | Judge |
| | ) | |
| TIM HOLOHAN, <u>et</u> <u>al.</u>, | ) | Hon. Susan Paradise Baxter |
| | ) | Chief United States Magistrate |
| Defendants. | ) | Judge |
| | ) | |
| | ) | ELECTRONICALLY FILED |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS**

In his opposition, Plaintiff maintains that he has properly exhausted all available administrative remedies and that, "the basis for each claim was addressed on the administrative remedies." Pl.'s Opposition at ¶ 3. However, Plaintiff provides no evidence, testimony, or affidavit to refute Defendants' assertion that Plaintiff failed to exhaust all available administrative remedies with respect to any of the allegations relating to the FPI factory. Indeed, Plaintiff is unable to cite to any administrative claim that specifically details his Eighth Amendment deliberate indifference challenge. Moreover, Plaintiff offers no argument whatsoever to refute Defendants' contention that the "Total Exhaustion Rule" should also bar the presentation of his First Amendment claims before this Court.

As stated in Defendants' original brief, Plaintiff submitted four requests for Administrative Remedy: two at the institutional level, one regional appeal, and one national appeal. Three requests allege that Plaintiff was improperly removed from his UNICOR work assignment in retaliation for complaining about the

work conditions in the factory (i.e., the First Amendment Challenge). One request simply sought a different work assignment within the FPI factory. See Defs.' Motion to Dismiss at Exhibits 4-7.[1] Accordingly, it is clear that Plaintiff never fully exhausted administrative remedies regarding all of the claims contained in his Complaint.

Plaintiff also indicates that it would be improper for this Court to resolve the substantive issues in this case through a 12(b)(6) Motion to Dismiss. This argument misses the point, as Defendants' Motion to Dismiss is premised upon the failure to exhaust administrative remedies, which argues that the substantive allegations in the Complaint should not even be addressed by the Court. The failure to exhaust administrative remedies is properly considered as part of a 12(b)(6) Motion to Dismiss. Spruill v. Gillis, 372 F.3d 218 (3rd Cir. 2004); Steele v. BOP, 355 F.3d 1204 (10th Cir. 2003); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Additionally, it is settled that a defendant, as was done in the present case, may submit an "indisputably authentic copy" of the administrative remedies to the court to be considered on a motion to dismiss, without converting it to a motion for summary

---

[1] Although Plaintiff did submit an Administrative Tort Claim, it is well-settled that a tort claim is insufficient to satisfy the exhaustion requirement in 42 U.S.C. § 1997e(a). See Steele v. BOP, 355 F.3d 1204, 1206 (10th Cir. 2003)(noting the distinction between an Administrative Tort Claim and Administrative Remedy); Hylton v. BOP, 2002 WL 720605, *2 (E.D. NY 2002)(Discussing at length the difference between an Administrative Tort Claim and Administrative Remedy); Funches v. Reish, 1998 WL 695904, *7-9 (S.D. NY 1998)(same).

judgment.  Spruill, 372 F.3d at 223 (citing Steele, 355 F.3d at 1212).

Finally, the case citations provided by Plaintiff do not cure his failure to exhaust administrative remedies.  In Helling v. McKinney, 509 U.S. 25 (1993), the Supreme Court recognized a prisoner's right to be free from harmful levels of environmental tobacco smoke and held that an Eighth Amendment deliberate indifference claim may be brought to raise this issue.  However, unlike Plaintiff's case, it appears that the petitioners in Helling properly exhausted administrative remedies.

Plaintiff also cites the Third Circuit case of Atkinson v. Taylor, 316 F.3d 257 (3d Cir. 2003) for the same proposition.  But again, exhaustion of administrative remedies was not an issue in Atkinson.  Accordingly, none of the precedent cited by Plaintiff assists him in curing his administrative exhaustion defects.  As such, Defendants' Motion to Dismiss should be granted.

    Respectfully submitted,

    MARY BETH BUCHANAN
    United States Attorney

By:  s/Paul D. Kovac
    Assistant U.S. Attorney
    Western District of Pennsylvania
    U.S. Post Office & Courthouse
    700 Grant Street, Suite 4000
    Pittsburgh, PA 15219
    (412) 894-7489

OF COUNSEL:    DOUGLAS S. GOLDRING
    Assistant General Counsel
    Federal Prison Industries (UNICOR)
    400 First Street, NW, 8th Floor
    Washington, DC 20534

Dated:  March 3, 2006

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of March, 2006, I electronically filed and/or served by first-class U.S. mail a true and correct copy of **DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** to the following:

>Mr. Juan Davila-Bajana
>Plaintiff Pro Se
>Reg. No. 47580-053
>FCI-McKean
>Post Office Box 8000
>Bradford, PA 16701

>s/Paul D. Kovac
>Assistant U.S. Attorney