**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JUAN DAVILA-BAJANA,** ) | |
|         **Plaintiff,** ) | |
| ) | |
|    v. ) | C.A. No. 04-253 Erie |
| ) | **District Judge McLaughlin** |
| **TIM HOLOHAN, et al.,** ) | **Magistrate Judge Baxter** |
|         **Defendants.** ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that Defendants' motion to dismiss [Document # 16] be granted in part and denied in part. Specifically, the motion should be granted in that the FTCA claim should be dismissed and the motion should be denied as to the Eighth Amendment and retaliation claims.

**II.    REPORT**

    **A.    Relevant Procedural and Factual History**

On September 7, 2004, Plaintiff Juan Davila-Bajana, a federal inmate currently incarcerated at the Federal Correctional Institution at McKean ("FCI-McKean"), filed this *pro se* action, raising a civil rights claim pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), as well as the Federal Tort Claims Act. Named as Defendants are: Tim Holohan, UNICOR Factory Manager; Marty Sapko, UNICOR Factory Manager; Debora Forsyth, Superintendent of Industries; Dave English, UNICOR General Foreman; Robert Klark, Camp Administrator; Mr. Houseler, Safety Manager; and the United States of America.

While incarcerated at the Federal Correctional Institution at McKean, Plaintiff was assigned to work in the Federal Prison Industries (FPI, sometimes also known as UNICOR). This work assignment began on March 23, 1999 and ended on March 31, 2003.

In his complaint, Plaintiff raises three separate claims. Plaintiff claims that he was exposed to a hazardous combination of tobacco smoke and silica dust in his UNICOR assignment in violation of the Eighth Amendment. Next, Plaintiff claims that he was removed from that work assignment in retaliation for complaints he made about the hazardous working environment. Finally, Plaintiff claims that the government is liable under the FTCA for the negligent acts of its employees in exposing him to the hazardous working conditions of UNICOR. Document # 6.

**B.    Standards of Review**

    **1.    *Pro se* Litigants**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972) quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

2

      **2.**      **Motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)[1]**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000). The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). See also Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. The issue is not whether the plaintiff will prevail at the end but whether he should be entitled to offer evidence in support of his claim. Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 419 U.S. 232 (1974). However, a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding a motion to dismiss. Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997) citing In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1429-30 (3d Cir.1997). Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must only set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted. See Swierkiewicz.

     **C.**      **Exhaustion of the *Bivens* Claims**

      **1.**      **The Exhaustion Requirement of the Prison Litigation Reform Act**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides:

> no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility until such administrative remedies as are available are exhausted.

---

[1] Although Defendants have submitted evidence in support of their motion to dismiss, this Court will not convert the motion to dismiss to a motion for summary judgment in accordance with Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004).

Id.

The requirements that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516 (2002). See also Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement). Administrative exhaustion must be completed prior to the filing of an action. McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Thus, federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies. Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL 2356136 (Unpublished Opinion) (10th Cir. May 8, 1997).[2] A plaintiff need not affirmatively plead exhaustion, but exhaustion is an affirmative defense which is waived if not properly presented by a defendant. Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002) (holding that "no provision of the PLRA requires pleading exhaustion with particularity," while construing the PLRA requirements in light of the Supreme Court decision in Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002)).

The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. Nyhuis, 204 F.3d at 73 (by using language "no action shall be brought," Congress has "clearly required exhaustion"). There is no "futility" exception to the administrative exhaustion requirement. Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002) citing Nyhuis, 204 F.3d at 78.

### 2.   The Procedural Default Component of the Exhaustion Requirement

The United States Court of Appeals for the Third Circuit has explicitly held that the exhaustion requirement of the PLRA includes a procedural default component, by analogizing it

---

[2] Importantly, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction. Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that § 1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").

4

to the exhaustion doctrine (with its corollary procedural default component) in the habeas context. Spruill v. Gillis, 372 F.3d 218, 228-229 (3d Cir. June 18, 2004).[3] The Circuit explained:

> We believe that Congress's policy objectives will be served by interpreting § 1997e(a)'s exhaustion requirement to include a procedural default component. Based on our earlier discussion of the PLRA's legislative history, [...] Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits. Each of these goals is better served by interpreting § 1997e(a)'s exhaustion language to include a procedural default component than by interpreting it merely to require termination of all administrative grievance proceedings.

Id. Having concluded that the PLRA includes a procedural default component, the Court then indicated that "prison grievance procedures supply the yardstick for measuring procedural default." Id. at 231.

### 3. The Administrative Process Available to Federal Inmates

No analysis of exhaustion may be made absent an understanding of the administrative process available to federal inmates. The Bureau of Prisons has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. 28 C.F.R. §§ 542.10-542.19 (1997). First, "an inmate shall ... present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." 28 C.F.R. § 542.13(a). Second, if an inmate at an institution is unable to informally resolve his complaint, he may file "a formal written Administrative Remedy Request [to the Warden], on the appropriate form (BP-9), [within] 20 calendar days following the date on which the basis for the Request occurred." 28 C.F.R. § 542.14(a). The warden has twenty (20) days in which to respond. 28 C.F.R. § 542.18. An inmate who is not satisfied with the warden's response may submit an appeal, on the appropriate

---

[3] There is an emerging split of authority among the Circuits on this issue. Compare Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004), and Pozo v. McCaughtry, 286 F.3d 1022 (7th Cir. 2002), with Thomas v. Woolum, 337 F.3d 720 (6th Cir. 2003).

5

form (BP-10), to the appropriate Regional Director within twenty (20) calendar days from the date the warden signed the response. 28 C.F.R. § 542.15(a). An inmate who is not satisfied with the Regional Director's response may submit an appeal, on the appropriate form (BP-11), to the General Counsel within thirty (30) calendar days from the date the Regional Director signed the response. Id. The Regional Director has thirty (30) days and the General Counsel has forty (40) days to respond. 28 C.F.R. § 542.18.

### 4. Exhaustion Applied

Defendants argue that Plaintiff has failed to exhaust his administrative remedies as to the Eighth Amendment claim and it therefore should be dismissed pursuant to the PLRA.[4] More specifically, Defendants argue that although Plaintiff complained about his removal from the UNICOR job, he did not raise the Eighth Amendment claim through the administrative remedy process. Defendants argue that this failure to raise the precise issue through the administrative remedies process should result in the dismissal of the claim for failure to exhaust under Spruill v. Gillis.

In support of their argument, Defendants have provided copies of Plaintiff's administrative filings as they relate to the issues raised in this complaint. In his complaint, Plaintiff explains that he filed an administrative request on April 8, 2003 and that on April 29, 2003, Defendants coerced him into withdrawing that administrative filing based upon an agreement that he would be transferred to day shift (where there was significantly less environmental tobacco smoke). Document # 6, page 4. The Generalized Retrieval, provided by Defendants, does not include a reference to any administrative filing regarding Eighth Amendment claims nor does it include a reference to the April 8, 2003 administrative filing,

---

[4] Defendants further argue that because Plaintiff has failed to exhaust his Eighth Amendment claim, the remainder of his *Bivens* claims should be dismissed under the so-called "total exhaustion" doctrine. As this Court finds that it is unclear at this time whether Plaintiff has exhausted his Eighth Amendment claims, it is unnecessary to examine this "total exhaustion" argument.

6

instead the document begins with an April 23, 2003 filing, the subject matter of which is summarized as "Return to UNICOR night shift job". See Document # 17, Exhibit 4, page 3. Defendants have not demonstrated that the lack of an entry for April 8, 2003 on this document disproves Plaintiff's allegation that he filed an informal request to staff and later withdrew it at the request of the Defendants.

Plaintiff has alleged that he filed (and later withdrew) an administrative filing on April 8, 2003. The precise issue raised in this filing is unknown to this Court. Plaintiff's allegation that he attempted to exhaust his administrative remedies is enough to overcome a motion to dismiss at this time. See Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. 2002) ( "no provision of the PLRA requires pleading exhaustion with particularity"). It is simply not clear from the limited record presently before this Court whether Plaintiff exhausted his administrative remedies as to the Eighth Amendment claim. While proving this allegation is far removed from pleading it, Plaintiff should be allowed to move forward in this regard. Therefore, the motion to dismiss should be denied.

### D.     The FTCA Claim

The Federal Tort Claims Act grants jurisdiction[5] to the federal courts to hear suits against the United States Government for torts committed by its employees while in the scope of their employment. See 28 U.S.C. § 2675(a). The FTCA sets forth the government's consent to be sued for the negligent conduct of its employees "in the same manner and to the same extent as a private individual under like circumstances." Howell v. United States, 932 F.2d 915, 917 (11th Cir.1991) (citations omitted). The consent contained in the FTCA is limited. 28 U.S.C. § 2680(a)-(n); United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 808 (1984). The burden of establishing subject matter jurisdiction in this case

---

[5] Under the principle of sovereign immunity, the United States cannot be sued for damages unless it consents to being sued. United States v. Mitchell, 445 U.S. 535, 538 (1980). The terms of the government's consent define the federal court's jurisdiction over the case. Lehman v. Nakshian, 453 U.S. 156, 160 (1981).

lies with the plaintiff.  Robinson v. U.S., 849 F.Supp. 799, 801 (S.D.Ga.1994).

       The FTCA specifically requires an initial presentation of the claim to the appropriate federal agency and a final denial by the agency as a non-waivable prerequisite to the filing of the lawsuit.  28 U.S.C. § 2675(a); See also Williams v. United States, 1995 WL 769497 (E.D.Pa. 1995) citing Bradley v. United States, 856 F.2d 575 (3d Cir. 1988), vacated on other grounds, 490 U.S. 1002 (1989).  The FTCA further provides that any lawsuit must be filed in court within six months of the rejection of the claim by the agency.  28 U.S.C. § 2401(b).

       In this case, Plaintiff submitted his administrative tort filing on July 5, 2003.  Document # 17, Exhibit 8.  This claim was denied by the Northeast Regional Counsel on December 12, 2003.  Id.  Plaintiff signed an acknowledgment that he received the denial of his claim.  Id.  Plaintiff's complaint in this matter was received by the Clerk of Court on September 7, 2004, well beyond the applicable statute of limitations for an FTCA claim.  Therefore, the FTCA claim should be dismissed from this action and the United States of America should be dismissed as a party.

### III. CONCLUSION

       For the foregoing reasons, it is respectfully recommended that Defendants' motion to dismiss or in the alternative for summary judgment [Document # 16] be granted in part and denied in part.  Specifically, the motion should be granted in that the FTCA claim should be dismissed and the motion should be denied as to the Eighth Amendment and retaliation claims.

       In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

<u>Susan Paradise Baxter</u>
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge

Dated: May 9, 2006