UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUAN DAVILA-BAJANA,<br>　　　　　PLAINTIFF<br><br>v.<br><br>TIM HOLOHAN, ET AL.,<br><br>　　　　　DEFENDANTS | CASE NO.: 04-253E<br><br>Judge McLaughlin,<br>U.S.D.J.<br><br>Magistrate Judge Baxter,<br>U.S.M.J. |

**DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION OF MAY 9, 2006**

AND NOW, come the Defendants, Tim Holohan, et al.,[1] by and through their attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, Paul Kovac, Assistant United States Attorney for said district, and Douglas S. Goldring, Assistant General Counsel for Federal Prison Industries, Inc., and respectfully file their Objections to Magistrate Judge's Report and Recommendation dated May 9, 2006 ("R & R"). In support of said Objections, Defendants aver as follows:

　**I.　Plaintiff Never Properly Raised An Eighth Amendment**
　　　**Claim**

In the R & R, the magistrate judge determined that it was unclear whether Plaintiff had fully exhausted his Eighth

---

[1] At this time, Defendants Forsyth and Klark still have not been personally served with the complaint and summons in this case in accordance with Fed. R. Civ. Pro 4. Therefore, those Defendants should be dismissed for lack of service of process.

Amendment claim alleging exposure to tobacco smoke and silica dust. R & R at pp. 6-7. Specifically, the Court focused upon the absence of any reference to the April 8, 2003, administrative filing in the Generalized Retrieval submitted by the Defendants as Exhibit 4 of their Motion to Dismiss. Because the Court was unable to analyze the April 8, 2003 filing and the precise issue(s) raised therein, it denied that part of defendant's motion requesting dismissal of the Eighth Amendment Claim.

    The April 8, 2003 administrative filing was assigned Administrative ID No. 297804 and is produced here as an Attachment. This filing constitutes and informal resolution attempt by Plaintiff to resolve his complaints relating to the alleged adverse health effects caused <u>only</u> by second hand smoke (not silica dust) on the night shift at the UNICOR prison factory. Attachment. As a result of this complaint Plaintiff was removed from the night shift and placed on the day shift. As relief, the April 8, 2003 filing requests reinstatement to the night shift and a claim of retaliation for complaining about the second hand smoke. Defendants view this allegation as raising only a First Amendment violation. This is especially true where the administrative claim says nothing about the Eighth Amendment and the relief requested is focused only upon the alleged retaliation and the restoration to night shift employment. More importantly, on or about April 28, 2003, Plaintiff withdrew this

administrative complaint because the prison returned him to work on the night shift.  See Attachment at p.1 (noting withdraw on 4/28/03); Ex. 4 (noting Admin ID No. 297804 status as "WDN" or withdrawn).

This April 8, 2003 administrative filing is called an "informal resolution."  Attachment.  It constitute a prerequisite to an administrative filing (8 C.F.R. § 542.13(a)); however, informal resolution filings are not required to be logged, and are not recorded in the BOP's Administrative Remedy computerized database.  This explains the absence of an reference to the April 8, 2003 filing in the Generalized Retrieval submitted previously as Exhibit 4.  Thus, in Defendants' motion to dismiss, we were not trying to hide anything from the Court and simply omitted the document because it was clearly withdrawn as stated in the Generalized Retrival.

Because it was withdrawn, the April 8, 2003 administrative filing never fulfilled the complete administrative exhaustion procedures.  As stated previously, the BOP has established a multi-tiered Administrative Remedy Procedure through which an inmate can seek formal review of any complaint regarding any aspect of his imprisonment.  28 C.F.R. Part 542.  First comes the informal resolution attempt.  28 C.F.R. § 542.13(a).  If the attempt to informally resolve is not successful, the inmate may submit a Request for Administrative Remedy to the Warden of the

facility and then if unsuccessful, to the Regional Director and ultimately to the BOP General Counsel. 28 C.F.R. § 542.15(a). An Administrative Remedy is not considered to have been fully exhausted unless it has been denied on the merits at each level of review noted above. Thus, the April 8, 2003 administrative filing, which clearly raises only a First Amendment claim, was never fully exhausted because it was withdrawn early on in the administrative process. In any event, this administrative filing fails to properly raise any Eighth Amendment claim. Therefore, the Court should re-examine its decision denying that portion of Defendants' Motion to Dismiss the Eighth Amendment claim.

    Moreover, that portion of Plaintiff's Complaint raising issues relating to silica dust should also be dismissed because nothing in his administrative filings ever referenced silica dust as the cause for Plaintiff's alleged injuries. See Attachment (Administrative ID No. 297804 - stating only secondhand smoke and not silica dust); Motion to Dismiss at Ex. 5 (Administrative ID No. 304411)(same).

    Accordingly, with the April 8, 2003 document now before the Court, this Court should reject that portion of the R & R recommending denial of defendants' motion to dismiss the Eighth Amendment claim and also deny that portion of the Complaint raising silica dust as a source for Plaintiff's injuries.

## II. The Court Should Revisit the Total Exhaustion Doctrine To Dismiss Plaintiff's First Amendment Claim

The only claim that was properly exhausted in this case was Plaintiff's First Amendment claim filed as Administrative ID. No. 304411. Motion to Dismiss at Ex. 5. Because the Court determined that it was unclear whether Plaintiff exhausted his Eighth Amendment claims, the Court found that it was unnecessary to examine Defendants' total exhaustion arguments. However, it should now be clear that an Eighth Amendment claim was never properly raised nor exhausted. Accordingly, the Court should revisit Defendants' arguments for dismissing Plaintiff's First Amendment claim based upon the Total Exhaustion Doctrine.

                        Respectfully Submitted,

                        MARY BETH BUCHANAN
                        United States Attorney


                        S/PAUL D. KOVAC
                        Assistant United States Attorney
                        Western District of Pennsylvania
                        U.S. Post Office and Courthouse
                        700 Grant Street, Suite 400
                        Pittsburgh, PA 15219

OF COUNSEL:           DOUGLAS S. GOLDRING
                        Assistant General Counsel
                        Federal Prison Industries (UNICOR)
                        400 First Street, NW, 8th Floor
                        Washington, DC 20534

Dated: May 23, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of May, 2006, I caused to be served a true and correct copy of **DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION** via first-class U.S. Mail and facsimile to the following:

>Mr. Juan Davila-Bajana
>Plaintiff Pro Se
>Reg. No. 47580-053
>FCI McKean
>P.O. Box 8000
>Bradford, PA 16701

>>s/Paul D. Kovac
>>Assistant U.S. Attorney