IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUAN DAVILA-BAJANA, | Case No. 04-253E |
| Plaintiff | Judge McLaughlin, U.S.D.J. |
| vs. | Magistrate Judge Baxter, U.S.M.J. |
| TIM HOLOHAN, | |
| Defendants. | |

### PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION OF MAY 9, 2006

AND NOW COMES, the Plaintiff, Juan Davila-Bajana, and appearing pro se, hereby respectfully files his Objections to the Magistrate Judge's Report and Recommendation dated May 9, 2006 ("R&R"). In support of said objections, Plaintiff avers as follows:

I. Plaintiff properly raised his Eight Amendment Claim.

In the R&R, the magistrate judge determined that it was unclear whether Plaintiff had fully exhausted his Eighth Amendment claim alleging exposure to tobacco smoke and silica dust. R&R at pp. 6-7. Contrary to the Government's disingenuous objections filed herein, Plaintiff has exhausted all of his required administrative remedies in this matter. (see Attached Exhibits). Plaintiff filed (1) Administrative Remedy Informal Resolution Worksheet; (2) Request for Administrative Remedy BP-229(13); (3) Regional Administrative Remedy Appeal BP-230(13); and (4) Central Office Administrative Remedy Appeal BP-231(13). Therefore, it is evident that the Government has lied to this Court regarding the Plaintiff's exhaustion of his administrative

1

remedies. Plaintiff has exhausted all required administrative remedies in this matter. see McCarthy v. Madigan, 112 S.Ct. 1081, 1085, 1090-91 (1992)(describing procedures).

As a pro se litigant, the Plaintiff is not required to state in his request for administrative remedies that he his filing a claim under the Eighth Amendment. It is clear from making that claim that the Eighth Amendment may be implicated. Plaintiff is not required to cite specific constututional amendments or statutory requirements in order to protect his rights and properly present his claims. This would violate the pro se liberal construction rule and make unknowledgable inmates know requirements that they simply cannot be expected to know. As long as an administrative remedy and the subsequent legal pleading can be reasonable read to support a claim, then that claim should stand. Haines v. kerner, 404 U.S. 519 (1972); Boag v. MacDougall, 454 U.S. 364 (1982).

WHEREFORE, facts and premises considered, this Court should allow this case to proceed, at least on the First and Eighth Amendment claims to unlawful exposure to ETS.

Dated: June 15, 2006

Respectfully submitted:

*(signature)*

Juan Davila-Bajana
Reg. No. 47580-053
FCI McKean
P.O. Box 8000
Bradford, PA. 16701-0980

PLAINTIFF pro se

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: __DAVILA-BAJANA JUAN__  __47580-053__  __BA__  __MCKEAN__
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

Part A—REASON FOR APPEAL

   On 4/8/03, I filed administrative remedy complaint about my ailments due to UNICOR excessive secondhand smoke (ETS) and silica dust. In retaliation for complaining about UNICOR ETS etc., I was fired from UNICOR.
   On 4/29/03, I had a meeting with the Safety Manager, UNICOR Factory Manager, Mr. Sapko, Mr. Holohon and Mr. Klark. They coerced me to withdraw my administrative remedy against UNICOR for the ETS etc. In return I was promised to be reinstated to to my UNICOR job in the Dayshift instead of nightshift, because the so-called ETS is better managed in the dayshift. The aforementioned individuals told me that they have talked to Ms. Forsyth and she will reinstate me to my UNICOR job. Between May 1-May 27, 2003, I repeatedly talked to Ms. Forsyth in the Mainline and in UNICOR, and she repeatedly told me that she will reinstate me in UNICOR before she departs to her new job. She deliberately left without keeping to her promise.
**RELIEF:**
   I want to be reinstated to my UNICOR job.

9/12/03
DATE                                                          SIGNATURE OF REQUESTER

Part B—RESPONSE

_____ DATE                                              _____ GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE                                 CASE NUMBER: __30४४11-A1__
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Part C—RECEIPT
                                                           CASE NUMBER: _____

Return to: _____  _____  _____  _____
              LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

_____ DATE                     SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN                                                                 BP-231(13)
                                                                        APRIL 1982

Administrative Remedy No. 304411-A1
Part B - Response

This is in response to your Central Office Administrative Remedy in which you contend you were removed from your UNICOR job assignment in retaliation for filing a complaint regarding excessive secondhand smoke and silica dust. You contend you were coerced to withdraw the Request for Administrative Remedy and promised, in return, reinstatement in UNICOR. As relief, you request to be reinstated.

Program Statement 8120.02, FPI Work Programs for Inmates, outlines the guidelines for inmate hiring, benefits and termination. The Superintendent of Industries (SOI) may remove an inmate from FPI work status according to the conditions outlined in the pay and benefits section of this policy.

Our review reveals the Warden and the Regional Director have adequately addressed the issue you raise in your appeal. As noted by the Regional Director, you were removed from your UNICOR position because of activities deemed to interfere with the safe and orderly running of the factory. We find the SOI's actions appropriate, within her discretion, and in compliance with the above-referenced policy. Moreover, you do not provide, nor do we find, any evidence to support your claim that your termination was retaliatory or otherwise improperly motivated. Finally, our findings indicate you voluntarily withdrew the administrative remedy in question, without any stipulations or conditions. You were not advised that you would be reinstated, as you have alleged.

Based on the foregoing, your appeal is denied.

_November 17, 2003_
Date

_____
Harrell Watts, Administrator
National Inmate Appeals

CERTIFICATE OF SERVICE

    I do hereby certify that on this the <u>15th</u> day of June, 2006, I placed in the U.S. Mail, first-class postage prepaid, a true and correct copy of the foregoing pleading and attached exhibits for delivery to:

Mr. Paul D. Kovac, Esq.
Assistant U.S. Attorney
U.S. Post Office & Courthouse
700 Grant Street, Suite 400
Pittsburgh PA 15219

                                                                                  _____
                                                                                   Juan Davila-Bajana

U.S. Department of Justice                                      **Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __DAVILA-BAJANA JUAN__         __47580-053__      __BA/MCK__      __MCKEAN__
       LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.         UNIT         INSTITUTION

**Part A—REASON FOR APPEAL**

    On 4/8/ 03, I filed administrative remedy complaint about my ailments due to UNICOR excessive secondhand smoke (ETS) and silica dust. In retaliation for complaining about UNICOR ETS etc., I was fired from UNICOR.

    On 4/29/03, I had a meeting with the Safety Manager, Unicor Factory Manager, Mr. Sapko, Mr. Holohon and Mr. Klark. They coerced me to withdraw my administrative remedy against UNICOR for the ETS etc, in return, I was promised to be reinstated to my UNICOR job in the Dayshift instead of nightshift, because the so-called ETS is better managed in the dayshift. The aforementioned individuals told me that they have talked to Ms. Forsyth and she will reinstate me to my UNICOR job. Between May 1-May 27, 2003, I repeatedly talked to Ms. Forsyth in the Mainline and in UNICOR, and she repeatedly told me that she will reinstate me in UNION before she departs to her new job. She deliberately left without keeping to her promise.

**RELIEF:**
    I want to be reinstated to my UNICOR job.

7/28/03
_____                                    _____
DATE                                                     SIGNATURE OF REQUESTER

**Part B—RESPONSE**




7002 0860 0007 8964 0986




_____                                    _____
DATE                                                     REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                              CASE NUMBER: __304411-R1__

---

**Part C—RECEIPT**
                                                        CASE NUMBER: _____

Return to: _____   _____   _____   _____
           LAST NAME, FIRST, MIDDLE INITIAL   REG. NO.   UNIT       INSTITUTION

SUBJECT: _____

                                                                        BP-230(13)
_____   _____   _____  APRIL 1982

DAVILA-BAJANA, Juan
Reg. No.  47580-053
Appeal No.  304411-R1
Page One

---

### Part B - Response

In your appeal, you state you were fired from the UNICOR factory because you filed an administrative remedy regarding secondhand smoke in the factory.  You are asking to be reinstated to your job in UNICOR.

A review of your appeal revealed that, although you filed an administrative remedy concerning the alleged secondhand smoke in the UNICOR factory, you withdrew your administrative remedy without any conditions or stipulations.  You were informed, if you were interested in being reinstated to UNICOR, you would have to speak with the Superintendent of Industries regarding this matter.  The Superintendent of Industries informed you that you were removed from the UNICOR factory because of activities deemed to interfere with the safe and orderly running of the factory.  She informed you that your status would be reevaluated for future hiring.  You were not given a guarantee that you would be reinstated immediately.

The Occupational Safety and Health Administration (OSHA) recently inspected the UNICOR factory for air quality and other work-related potential hazards.  The findings indicate no evidence of any concerns related to the general air quality within the factory.  OSHA's final report has been posted in UNICOR for review by staff and inmates, in accordance with OSHA guidelines.  Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons.  Your appeal must be received in the Administrative Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N. W., Washington, D. C.  20534, within 30 calendar days of the date of this response.

Date: August 29, 2003

M. E. RAY
REGIONAL DIRECTOR

U.S. DEPARTMENT OF JUSTICE                                REQUEST FOR ADMINISTRATIVE REMEDY
Federal Bureau of Prisons

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: __DAVILA-BAJANA  JUAN__    __47580-053__    __BA__    __MCKEAN__
       LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A- INMATE REQUEST**

On 4/8/03, I filed Administrative Remedy complaining about my ailments due to UNICOR excessive secondhand smoke. In retaliation for complaining about UNICOR complaining about UNICOR secondhand smoke, and about the health problems caused by UNICOR ETS , I was fired from UNICOR.

On 4/29/03, I had a meeting with Safety Manager, Mr. Sapko, Mr. Holohan and Mr. Clark. They coerced me to withdraw my administrative remedy against UNICOR for the secondhand smoke and in return I was promised to be reinstate to my UNICOR job in the Daysift instead of Nightshift. They claimed smoking is better managed in the DayShift. The aforementioned individuals told me that they have talked to Ms. Forsyth, and she will reinstate me to my UNICOR job. Between May 1-27, 2003, I repeatedly talked to Ms. Forsyth in the Mainline, in UNICOR, and she repeatedly told me that she will reinstate me before she depart to her new job. She deliberately left without keeping to her promise.

**RELIEF:**
Because the above individuals coerced me to withdrew my administrative remedy for secondhand smoke and lied to me that they will reinstate me to my UNICOR job, I am reinstating my claim of the injury I suffered from UNICOR secondhand smoke.

__7/2/03__                                                    __[signature]__
DATE                                                          SIGNATURE OF REQUESTER

**Part B- RESPONSE**




_____                                    _____
DATE                                                    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE                              CASE NUMBER: __304411__

------------------------------------------------------------------------------------

                                                        CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____    _____    _____    _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____                                    _____
DATE                                                    RECIPIENT'S SIGNATURE (STAFF MEMBER)

                                                                    BP-229(13)
                                                                    APRIL 1982

DAVILA-BAJANA, JUAN
Reg. No. 47580-053
MCK 304411 - F1

## PART B - RESPONSE

This is in response to your Request for Administrative Remedy, receipted in my office on July 8, 2003, in which you allege that you were coerced to withdraw an existing administrative remedy regarding secondhand smoke in the UNICOR Factory. You further allege that in recognition of withdrawing your original administrative remedy, you were to be rehired in UNICOR.

An investigation into your allegations reveals the following: You withdrew your administrative remedy without any conditions. You were told that any attempt to regain your job would be in response to discussions with the Superintendent of Industries. The Superintendent indicated that you were removed because of activities deemed to interfere with the safe and orderly running of the factory; and, at a minimum, your status would be reevaluated in the future for possible rehiring. At no time were you told that you would be rehired.

With respect to your claim of adverse health related to secondhand smoke in the factory, there have been three separate visits by a compliance officer from the Occupational Safety and Health Administration (OSHA). The dates of the visits were Wednesday April 16, 2003, Wednesday May 14, 2003, and from Tuesday June 17, 2003 through Wednesday June 18, 2003. The preliminary findings indicate no evidence of any concerns related to the air quality within the factory. This includes the air quality as it relates to the smoking area within the factory. All appropriate and necessary practices are being followed in accordance with OSHA regulations. A final report will be provided by OSHA detailing the visit and will list any possible recommendations. Upon receipt of a final report, the information will be disseminated in accordance with OSHA guidelines.

Based on these findings your Request for Administrative Remedy is denied.

In the event that you are not satisfied with this response, you may appeal within twenty (20) calendar days from the date of this response by submitting a BP-DIR-230 to the regional director.

7-21-03
Date

John J. LaManna, Warden

## ADMINISTRATIVE REMEDY INFORMAL RESOLUTION WORKSHEET

**PART 1:** NOTICE TO INMATE: Be advised that before filing a Request for Administrative Remedy Form BP-9, you **MUST** attempt to informally resolve your complaint through your Correctional Counselor. Briefly state complaint below, and list what efforts you have made to resolve your complaint informally, stating names of staff contacted.

This Informal Resolution was issued by the Correctional Counselor on _____ and returned to the Counselor on _____(date).                                                                  (date)

Inmate's Name  JUAN DAVILA BAVANA   Number 47580-053  Unit B-A

1. Complaint: 

    PLEASE SEE ATTACHED.

2. Specific relief desired:

    SEE ATTACHED.

3. Efforts made to informally resolve and staff contacted:

    SOI UNICOR.

_____                Dated 6/12/03              47580-053
Inmate's Signature                                                 Inmate's Register Number

**PART 2:    CORRECTIONAL COUNSELOR'S COMMENTS:**

1. Efforts made to informally resolve and names of staff contacted:

ACCORDING TO UNICOR STAFF YOU WILL HAVE TO BE OUT OF UNICOR FOR NINETY DAYS BEFORE YOU WILL BE PLACED BACK IN UNICOR. YOU WILL ALSO LOSE YOU LONGEVITY. IF YOU HAVE ANY QUESTIONS REGARDING THIS ISSUE, I SUGGEST THAT YOU SPEAK WITH MR. HOLOHAN, UNICOR AT MAIN LINE.

Date informally resolved / BP-9 issued (circle one): _____
Counselor's Signature: T. HOLT, COUNSELOR UNIT BA  6-27-2003

If complaint is NOT informally resolved, forward original attached to BP-229 form to Warden (Attn: Warden's Secretary).

ADMINISTRATIVE REMEDY AGAINST - MS. FORSYTH, MR. SAPKO, MR. ENGLISH, MR. HOLOHAN, SAFETY MANAGER; MR. CLARK.

On 4/8/03, I filed Administrative Remedy complaining about my ailments due to UNICOR excessive secondhand smoke. In retaliation for complaining about UNICOR secondhand smoke, I was fired from UNICOR.

On 4/29/03, I had a meeting with Safety Manager, Mr. Sapko, Mr. Holohan and Mr. Clark. They coerced me to withdraw my administrative remedy against UNICOR for secondhand smoke and in return I was promised the reinstatement of my UNICOR job in Dayshift where smoking is better control. The aforementioned individuals told me that they have talked to Ms. Forsyth, that she will reinstate my UNICOR job. Between May 1 - 27, 2003, I repeatedly talked to Ms. Forsyth in the Mainline, in UNICOR, and she repeatedly told me she will reinstate me before she leaves. She lied. She never kept her promised.

RELIEF:

Because the above individuals coerced me to withdrew my administrative remedy for secondhand smoke and lied to me that they will reinstate my UNICOR job, I am reinstating my claim of the injury I suffered from UNICOR secondhand smoke which result to retaliatory termination.

Reinstate my job or reinstate my grievance.

## ADMINISTRATIVE REMEDY INFORMAL RESOLUTION WORKSHEET

**PART 1**: NOTICE TO INMATE: Be advised that before filing a Request for Administrative Reme Form BP-9, you **MUST** attempt to informally resolve your complaint through your Correctio Counselor. Briefly state complaint below, and list what efforts you have made to resolve yo complaint informally, stating names of staff contacted.

This Informal Resolution was issued by the Correctional Counselor on _____ and return to the Counselor on _____ (date).
(date)

Inmate's Name: JUAN DAVILA BAVANA    Number: 47580-053    Unit: B-A

1. Complaint: _____

    Please See Attached.

2. Specific relief desired: _____

    See Attached.

3. Efforts made to informally resolve and staff contacted: _____

    SOI UNICOR.

Inmate's Signature    Dated 6/12/03    Inmate's Register Number: 47580-053

**PART 2:**   CORRECTIONAL COUNSELOR'S COMMENTS:

1. Efforts made to informally resolve and names of staff contacted: _____

    ACCORDING TO UNICOR STAFF YOU WILL HAVE TO BE OUT OF UNICOR FOR NINETY DAYS BEFORE YOU WILL BE PLACED BACK IN UNICOR. YOU WILL ALSO LOSE YOU LONGEVITY. IF YOU HAVE ANY QUESTIONS REGARDING THIS ISSUE, I SUGGEST THAT YOU SPEAK WITH MR. HOLOHAN, UNICOR AT MAIN LINE.

Date informally resolved or BP-9 issued (circle one): _____
Counselor's Signature: T. HOLT, COUNSELOR UNIT BA  6-27-2003

If complaint is NOT informally resolved, forward original attached to BP-229 form to Warden (Attn: Warden's Secretary).

ADMINISTRATIVE REMEDY AGAINST - MS. FORSYTH, MR. SAPKO, MR. ENGLISH, MR. HOLOHAN, SAFETY MANAGER; MR. CLARK.

On 4/8/03, I filed Administrative Remedy complaining about my ailments due to UNICOR excessive secondhand smoke. In retaliation for complaining about UNICOR secondhand smoke, I was fired from UNICOR.

On 4/29/03, I had a meeting with Safety Manager, Mr. Sapko, Mr. Holohan and Mr. Clark. They coerced me to withdraw my administrative remedy against UNICOR for secondhand smoke and in return I was promised the reinstatement of my UNICOR job in Dayshift where smoking is better control. The aforementioned individuals told me that they have talked to Ms. Forsyth, that she will reinstate my UNICOR job. Between May 1 - 27, 2003, I repeatedly talked to Ms. Forsyth in the Mainline, in UNICOR, and she repeatedly told me she will reinstate me before she leaves. She lied. She never kept her promised.

RELIEF:

Because the above individuals coerced me to withdrew my administrative remedy for secondhand smoke and lied to me that they will reinstate my UNICOR job, I am reinstating my claim of the injury I suffered from UNICOR secondhand smoke which result to retaliatory termination.

Reinstate my job or reinstate my grievance.

RECEIPT - ADMINISTRATIVE REMEDY

DATE: SEPTEMBER 29, 2003

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      BOP CENTRAL OFFICE

TO  : JUAN DAVILA-BAJANA, 47580-053
      MCKEAN FCI    UNT: B    QTR: B01-126L

THIS ACKNOWLEDGES THE RECEIPT OF THE CENTRAL OFFICE APPEAL
IDENTIFIED BELOW:

```
REMEDY ID       : 304411-A1
DATE RECEIVED   : SEPTEMBER 22, 2003
RESPONSE DUE    : NOVEMBER 1, 2003
SUBJECT 1       : UNICOR - ASSIGNMENT, WORKING CONDITIONS
SUBJECT 2       :
INCIDENT RPT NO:
```

RECEIPT - ADMINISTRATIVE REMEDY

DATE: AUGUST 4, 2003

FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTHEAST REGIONAL OFFICE

TO  : JUAN DAVILA-BAJANA, 47580-053
      MCKEAN FCI    UNT: B    QTR: B01-126L

THIS ACKNOWLEDGES THE RECEIPT OF THE REGIONAL APPEAL
IDENTIFIED BELOW:

REMEDY ID       : 304411-R1
DATE RECEIVED   : JULY 30, 2003
RESPONSE DUE    : AUGUST 29, 2003
SUBJECT 1       : UNICOR - ASSIGNMENT, WORKING CONDITIONS
SUBJECT 2       :
INCIDENT RPT NO:

```
                    RECEIPT - ADMINISTRATIVE REMEDY




DATE: JULY 24, 2003




FROM: ADMINISTRATIVE REMEDY COORDINATOR
      MCKEAN FCI

TO   : JUAN DAVILA-BAJANA, 47580-053
       MCKEAN FCI     UNT: B    QTR: B01-126L



THIS ACKNOWLEDGES THE RECEIPT OF THE ADMINISTRATIVE REMEDY REQUEST
IDENTIFIED BELOW:

REMEDY ID       : 304411-F1
DATE RECEIVED   : JULY 8, 2003
RESPONSE DUE    : JULY 28, 2003
SUBJECT 1       : UNICOR - ASSIGNMENT, WORKING CONDITIONS
SUBJECT 2       :
INCIDENT RPT NO:
```