IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUAN DAVILA-BAJANA, ) | |
|         Plaintiff, ) | |
| ) | |
| v.  ) | C.A. No. 04-253 Erie |
| ) | District Judge McLaughlin |
| TIM HOLOHAN, et al., ) | Magistrate Judge Baxter |
|         Defendants. ) | |

## MAGISTRATE JUDGE'S
## AMENDED
## REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

It is respectfully recommended that Defendants' motion to dismiss [Document # 16] be granted in part and denied in part. Specifically, the motion should be granted in that the FTCA claim and the Eighth Amendment claim should be dismissed and the motion should be denied as to the retaliation claim.

**II.    REPORT**

    **A.    Relevant Procedural and Factual History**

On September 7, 2004, Plaintiff Juan Davila-Bajana, a federal inmate currently incarcerated at the Federal Correctional Institution at McKean ("FCI-McKean"), filed this *pro se* action, raising a civil rights claim pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), as well as the Federal Tort Claims Act. Named as Defendants are: Tim Holohan, UNICOR Factory Manager; Marty Sapko, UNICOR Factory Manager; Debora Forsyth, Superintendent of Industries; Dave English, UNICOR General Foreman; Robert Klark, Camp Administrator; Mr. Houseler, Safety Manager; and the United States of America.

While incarcerated at the Federal Correctional Institution at McKean, Plaintiff was

assigned to work in the Federal Prison Industries (FPI, sometimes also known as UNICOR). This work assignment began on March 23, 1999 and ended on March 31, 2003.

In his complaint, Plaintiff raises three separate claims. Plaintiff claims that he was exposed to a hazardous combination of tobacco smoke and silica dust in his UNICOR assignment in violation of the Eighth Amendment. Next, Plaintiff claims that he was removed from that work assignment in retaliation for complaints he made about the hazardous working environment. Finally, Plaintiff claims that the government is liable under the FTCA for the negligent acts of its employees in exposing him to the hazardous working conditions of UNICOR. Document # 6.

On November 14, 2006, Defendants filed a motion to dismiss arguing that this case should be dismissed for failure to state a claim upon which relief could be granted. Thereafter, Plaintiff filed an opposition to that motion.

By Report and Recommendation issued May 9, 2006, the undersigned recommended that Defendants' motion be granted in part and denied in part. Specifically, that the motion should be granted as to the FTCA claim and the motion should be denied as to the Eighth Amendment and retaliation claims. More specifically, I found that "it is simply not clear from the limited record presently before this Court whether Plaintiff exhausted his administrative remedies as to the Eighth Amendment claim." Document # 40.

In response to the Report and Recommendation, both Plaintiff and Defendants filed Objections. In support of their Objections, Defendants submitted further exhibits which necessitate the filing of this Amended Report and Recommendation.[1]

---

[1] It tries the Court's patience to be given needed information after-the-fact, especially when it was available when the motion and supporting papers were filed. This type of motion practice, which wastes judicial time and resources, is not viewed kindly.

### B.  Standards of Review

#### 1.  *Pro se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines v. Kerner, 404 U.S. 519, 520-521(1972) quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements.  Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991).  Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant.  Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997).  See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same).  Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

#### 2.  Motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)[2]

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true.  Neitzke v. Williams, 490 U.S. 319 (1989); Langford v.

---

[2] Although Defendants have submitted evidence in support of their motion to dismiss, this Court will not convert the motion to dismiss to a motion for summary judgment in accordance with Spruill v. Gillis, 372 F.3d 218 (3d Cir. 2004).

City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000). The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). See also Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. The issue is not whether the plaintiff will prevail at the end but whether he should be entitled to offer evidence in support of his claim. Neitzke v. Williams, 490 U.S. 319 (1989); Scheuer v. Rhodes, 419 U.S. 232 (1974). However, a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding a motion to dismiss. Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997) citing In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1429-30 (3d Cir.1997). Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must only set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted. See Swierkiewicz.

### C.   Exhaustion of the *Bivens* Claims
#### 1.   The Exhaustion Requirement of the Prison Litigation Reform Act

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), provides:

> no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility *until such administrative remedies as are available are exhausted.*

Id. (Emphasis added).

The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516 (2002). See also Concepcion v. Morton, 306 F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement). Administrative exhaustion must be completed prior to the filing of an action. McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Federal courts are barred from hearing a claim if a plaintiff has failed to

exhaust all the available remedies. Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL 2356136 (Unpublished Opinion) (10th Cir. May 8, 1997).[3] The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. Nyhuis, 204 F.3d at 73 (by using language "no action shall be brought," Congress has "clearly required exhaustion"). There is no "futility" exception to the administrative exhaustion requirement. Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002) citing Nyhuis, 204 F.3d at 78.

According to a recent decision by the U.S. Supreme Court, the PLRA requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. Woodford v. Ngo, ___ U.S. ___, ___ 2006 WL 1698937, * 4-7 (June 22, 2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ..."). Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal." Id at * 2.

A plaintiff need not affirmatively plead exhaustion, but exhaustion is an affirmative defense which is waived if not properly presented by a defendant. Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002) (holding that "no provision of the PLRA requires pleading exhaustion with particularity," while construing the PLRA requirements in light of the Supreme Court decision in Swierkiewicz v. Sorema, N.A., 534 U.S. 506 (2002)). It is the burden of a defendant asserting the defense to plead and prove it. Id.

    **2.**    **The Procedural Default Component of the Exhaustion Requirement**

The United States Court of Appeals for the Third Circuit has explicitly held that the exhaustion requirement of the PLRA includes a procedural default component, by analogizing it

---

[3] Importantly, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction. Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that § 1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").

to the exhaustion doctrine (with its corollary procedural default component) in the habeas context. Spruill v. Gillis, 372 F.3d 218, 228-229 (3d Cir. 2004).[4] The Circuit explained:

> We believe that Congress's policy objectives will be served by interpreting § 1997e(a)'s exhaustion requirement to include a procedural default component. Based on our earlier discussion of the PLRA's legislative history, [...] Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits. Each of these goals is better served by interpreting § 1997e(a)'s exhaustion language to include a procedural default component than by interpreting it merely to require termination of all administrative grievance proceedings.

Id. Having concluded that the PLRA includes a procedural default component, the Court then indicated that "prison grievance procedures supply the yardstick for measuring procedural default." Id. at 231.

### 3. The Administrative Process Available to Federal Inmates

No analysis of exhaustion may be made absent an understanding of the administrative process available to federal inmates. The Bureau of Prisons has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. 28 C.F.R. §§ 542.10-542.19 (1997). First, "an inmate shall ... present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." 28 C.F.R. § 542.13(a). Second, if an inmate at an institution is unable to informally resolve his complaint, he may file "a formal written Administrative Remedy Request [to the Warden], on the appropriate form (BP-9), [within] 20 calendar days following the date on which the basis for the Request occurred." 28 C.F.R. § 542.14(a). The warden has twenty (20) days in which to respond. 28 C.F.R. § 542.18. An inmate who is not satisfied with the warden's response may submit an appeal, on the appropriate

---

[4] There is a split of authority among the Circuits on this issue. Compare Berry v. Kerik, 366 F.3d 85 (2d Cir. 2004), Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004), and Pozo v. McCaughtry, 286 F.3d 1022 (7th Cir. 2002), with Thomas v. Woolum, 337 F.3d 720 (6th Cir. 2003).

6

form (BP-10), to the appropriate Regional Director within twenty (20) calendar days from the date the warden signed the response. 28 C.F.R. § 542.15(a). An inmate who is not satisfied with the Regional Director's response may submit an appeal, on the appropriate form (BP-11), to the General Counsel within thirty (30) calendar days from the date the Regional Director signed the response. Id. The Regional Director has thirty (30) days and the General Counsel has forty (40) days to respond. 28 C.F.R. § 542.18.

### 4. Exhaustion Applied

Defendants argue that Plaintiff has failed to exhaust his administrative remedies as to the Eighth Amendment claim and it therefore should be dismissed pursuant to the PLRA. More specifically, Defendants argue that although Plaintiff complained about his removal from the UNICOR job, he did not raise the Eighth Amendment claim (involving exposure to a combination of secondhand tobacco smoke and silica dust) through the administrative remedy process. Defendants argue that this failure to raise the precise issue through the administrative remedies process should result in the dismissal of the claim for failure to exhaust under Spruill v. Gillis. In support of their argument, Defendants have provided copies of Plaintiff's administrative filings as they relate to the issues raised in this complaint.[5]

In his complaint, Plaintiff explains that he filed an administrative request on April 8, 2003 and that on April 29, 2003, Defendants Houseler, Sapko, Holohan and Klark coerced him into withdrawing that administrative filing based upon an agreement that he would be transferred to day shift (where there was significantly less environmental tobacco smoke). Document # 6, page 4. That document is presently before this Court. In it, Plaintiff complains:

> I have repeatedly complained to UNICOR evening shift staff of

---

[5] The Generalized Retrieval, initially provided by Defendants in support of their motion to dismiss, did not include a reference to any administrative filing regarding Eighth Amendment claims nor did it include a reference to an April 8, 2003 administrative filing referenced in the complaint, instead the document begins with an April 23, 2003 filing, the subject matter of which is summarized as "Return to UNICOR night shift job". See Document # 17, Exhibit 4, page 3.

> secondhand smoke (ETS) in the factory. I have repeatedly requested that smoking be limited only to the break area and at break time because evidence of smoking is noticeable all over the factory particularly on my work area. UNICOR ETS level, has repeatedly caused and continuing to cause me shortness of breath, sinusitis, lightheadedness, watery eyes and occasional vomiting.
>
> In retaliation for complaining about UNICOR staff deliberate indifference to my serous health concern, I was told on 3/12/03, by Mr. English, that I will no longer work for him, I should grab my coat with other two inmates that were also complaining about the ETS level in UNICOR, and return to our housing units. I asked Mr. English what was the reason(s) for firing me from night shift UNICOR.? Mr. English told me that I am lucky I still have a job. Mr. English told me and the two other inmates, that we are not being fired, but we are being transfer to day shift.
>
> Ironically, instead of being transfer to day-shift as Mr. English told me, my name was on the "Change Sheet" on 3/28/03, as "unassign" effective 3/31/03.
>
> RELIEF REQUESTED: I want to be reinstated to my UNICOR night-shift job because terminating me in retaliation for complaining about the ETS is unconstitutional.

Document # 42, Attachment 2.

A review of the text of the grievance reveals that Plaintiff has not grieved any Eighth Amendment claim (and does not even mention silica dust). The gravamen of Plaintiff's grievance involves retaliation and his desire to be reinstated to his job; it simply cannot be read to include an Eighth Amendment claim involving exposure to hazardous substances.

Plaintiff has failed to exhaust his administrative remedies as to his claim that he has been exposed to a hazardous combination of secondhand tobacco smoke and silica dust. Accordingly, the motion to dismiss should be granted as to this claim.

### D.     Total Exhaustion Doctrine

Next, Defendants argue that because Plaintiff has failed to exhaust his Eighth Amendment claim, this Court should dismiss the remainder of the *Bivens* claims[6] under the so-

---

[6] Defendants acknowledge that Plaintiff has exhausted his First Amendment retaliation claim.

called "total exhaustion" doctrine adopted by the Eighth and Tenth Circuit Courts of Appeal.

This Court notes that there is a split of authority of this precise issue [compare Ortiz v. McBride, 380 F.3d 649 (2d Cir. 2004) with Graves v. Norris, 218 F.3d 884 (8th Cir. 2000) and Ross v. County of Bernalillo, 365 F.3d 1181 (10th Cir. 2004)] and that the Third Circuit has not had occasion to rule on this issue. As such, this Court declines to adopt such a harsh approach.

The motion to dismiss should be denied in this regard.

### E.   The FTCA Claim

The Federal Tort Claims Act grants jurisdiction[7] to the federal courts to hear suits against the United States Government for torts committed by its employees while in the scope of their employment. See 28 U.S.C. § 2675(a). The FTCA sets forth the government's consent to be sued for the negligent conduct of its employees "in the same manner and to the same extent as a private individual under like circumstances." Howell v. United States, 932 F.2d 915, 917 (11th Cir.1991) (citations omitted). The consent contained in the FTCA is limited. 28 U.S.C. § 2680(a)-(n); United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 808 (1984). The burden of establishing subject matter jurisdiction in this case lies with the plaintiff. Robinson v. U.S., 849 F.Supp. 799, 801 (S.D.Ga.1994).

The FTCA specifically requires an initial presentation of the claim to the appropriate federal agency and a final denial by the agency as a non-waivable prerequisite to the filing of the lawsuit. 28 U.S.C. § 2675(a); See also Williams v. United States, 1995 WL 769497 (E.D.Pa. 1995) citing Bradley v. United States, 856 F.2d 575 (3d Cir. 1988), vacated on other grounds, 490 U.S. 1002 (1989). The FTCA further provides that any lawsuit must be filed in court within six months of the rejection of the claim by the agency. 28 U.S.C. § 2401(b).

---

[7] Under the principle of sovereign immunity, the United States cannot be sued for damages unless it consents to being sued. United States v. Mitchell, 445 U.S. 535, 538 (1980). The terms of the government's consent define the federal court's jurisdiction over the case. Lehman v. Nakshian, 453 U.S. 156, 160 (1981).

In this case, Plaintiff submitted his administrative tort filing on July 5, 2003. Document # 17, Exhibit 8. This claim was denied by the Northeast Regional Counsel on December 12, 2003. Id. Plaintiff signed an acknowledgment that he received the denial of his claim. Id. Plaintiff's complaint in this matter was received by the Clerk of Court on September 7, 2004, well beyond the applicable statute of limitations for an FTCA claim. Therefore, the FTCA claim should be dismissed from this action and the United States of America should be dismissed as a party.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' motion to dismiss [Document # 16] be granted in part and denied in part. Specifically, the motion should be granted in that the FTCA claim and the Eighth Amendment claim should be dismissed and the motion should be denied as to the retaliation claim.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Susan Paradise Baxter  
SUSAN PARADISE BAXTER  
Chief United States Magistrate Judge

Dated: July 17, 2006