IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUAN DAVILA-BAJANA, | ) | Civil Action No. 04-253E |
| | ) | |
| Plaintiff, | ) | Hon. Sean J. McLaughlin |
| | ) | United States District |
| v. | ) | Judge |
| | ) | |
| TIM HOLOHAN, et al., | ) | Hon. Susan Paradise Baxter |
| | ) | Chief United States Magistrate |
| Defendants. | ) | Judge |
| | ) | |
| | ) | ELECTRONICALLY FILED |
| | ) | |

**DEFENDANTS' OBJECTIONS TO THE REPORT AND RECOMMENDATION**

AND NOW, come the Defendants, Tim Holohan, Marty Sapko, Deborah Forsyth, Stephen Housler, Robert Klark, and Dave English (hereinafter collectively referred to as "Defendants"), by and through their attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania; Paul D. Kovac, Assistant United States Attorney for said district; and Douglas S. Goldring, Assistant General Counsel for Federal Prison Industries, Inc., and respectfully file their Objections to Magistrate Baxter's Amended Report and Recommendation dated July 17, 2006 ("R&R").

In a previous objection to the Court's Original R&R, Defendants objected to the Court's failure to apply the Total Exhaustion Doctrine to this case. Because the R&R now recommends dismissal of Plaintiff's Eighth Amendment claim based upon

exhaustion, it is clear that some, but not all, of Plaintiff's claims have not been fully exhausted.  As such, this case is ideally suited for the Court to utilize the Total Exhaustion Doctrine to dismiss the Complaint in its entirety.[1]

The application of the Total Exhaustion Doctrine is based upon the PLRA's exhaustion provision, 42 U.S.C. § 1997e(a), which contemplates that all claims brought to the district court in one action must have been exhausted prior to the initiation of the action.  That is, a district court must terminate a Bivens action if any of Plaintiff's claims are unexhausted (as opposed to dropping only those claims which are unexhausted).  See Rivera v. Whitman, 161 F. Supp.2d 337, 339-43 (D. N.J. 2001) (abrogated on other grounds by Ray v. Kertes, 285 F.3d 287, 293 n.6 (3rd Cir. 2002)).  The Eighth and Tenth Circuits have also agreed, adopting the Total Exhaustion Doctrine as part of the PLRA exhaustion requirement.  Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (*per curiam*); Ross v. Bernalillo, 365 F.3d 1181, 1188-90 (10th Cir. 2004).

A Total Exhaustion Doctrine is also consistent with the PLRA's legislative history and goal of "reducing frivolous

---

[1] The issue of total exhaustion is a matter of first impression both for this Court and the Third Circuit.  One other District Court within the Third Circuit has considered this issue, however, and adopted the Total Exhaustion Doctrine.  See Rivera v. Whitman, 161 F.Supp.2d 337, 339-43 (D. N.J. 2001) (abrogated on other grounds by Ray v. Kertes, 285 F.3d 287, 293 n.6 (3rd Cir. 2002)).

prisoner litigation and promoting judicial economy." <u>Rivera</u>, 161 F.Supp.2d at 341-42; <u>Graves v. Norris</u>, 218 F.3d 884, 885 (8th Cir. 2000) (*per curiam*); <u>Ross v. Bernalillo</u>, 365 F.3d 1181, 1188-90 (10th Cir. 2004).[2]  "[B]y requiring that all claims be exhausted before the federal court considers them, § 1997e(a) ensures that prisoner actions are more focused and that some frivolous claims are screened out."  <u>Id</u>.  Additionally, the Total Exhaustion Doctrine "frees the federal court from the potentially difficult and time-consuming process of determining precisely which of the often-entangled claims have been exhausted and which have not."  <u>Id.</u>  This rule also promotes comity, by allowing the prisons to address, and remedy, problems before the prisoners file suit.  <u>Id.</u>

Thus, because Plaintiff has not exhausted all available administrative remedies with respect to all of his claims, the Complaint should be dismissed in its entirety based upon the Total Exhaustion Doctrine.

## **CONCLUSION**

For the reasons stated above, the Report and Recommendation should be adopted only to the extent that it granted Defendants' Motion to Dismiss.  To the extent the Amended Report and

---

[2] As the Court correctly noted in its R&R, not all Circuits to consider the Total Exhaustion Doctrine have adopted the approach of the Eighth and Tenth Circuits.  <u>See</u> <u>Ortiz v. McBride</u>, 380 F.3d 649 (2nd Cir. 2004).

3

Recommendation denied Defendants' Motion, it should be rejected, and Defendants' Motion should be granted with a certification that any appeal would be deemed frivolous, lacking in probable cause, and not taken in good faith.

    Respectfully Submitted,

    MARY BETH BUCHANAN
    UNITED STATES ATTORNEY


    s/Paul D. Kovac
    PAUL D. KOVAC
    Assistant United States Attorney
    Western District of Pennsylvania
    U.S. Post Office and Courthouse
    700 Grant Street, Suite 4000
    Pittsburgh, PA 15219
    (412) 894-7489


OF COUNSEL:

Douglas S. Goldring
Assistant General Counsel
Federal Prison Industries (UNICOR)
400 First Street, NW, 8th Floor
Washington, DC 20534


Dated:  July 21, 2006

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 21st day of July, 2006, a true and correct copy of the foregoing Defendants' Objections to the Report and Recommendation was electronically filed and served by first-class U.S. mail upon the following:

        Mr. Juan Davila-Bajana
        Plaintiff <u>Pro Se</u>
        Reg. No. 47580-053
        FCI-McKean
        P.O. Box 8000
        Bradford, PA 16701

                <u>s/Paul D. Kovac</u>
                PAUL D. KOVAC
                Assistant U.S. Attorney