IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUAN DAVILA-BAJANA, | : |
| PLAINTIFF, | : |
| -vs- | : |
| TIM HOLOHAN, et al., | : |
| DEFENDANT. | : CIVIL ACTION NO. 04-253 (ERIE) |
| | : DISTRICT JUDGE: MCLAUGHLIN |
| | : MAGISTRATE JUDGE: BAXTER |

## PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE BAXTER'S AMENDED REPORT AND RECOMMENDATION OF JULY 17, 2006

COMES NOW Juan Davila-Bajana, pro se (Plaintiff); and hereby submits his Objections to Magistrate Baxter's Amended Report and Recommendation issued on July 17, 2006, in the above captioned cause. Plaintiff does so in order to attempt to assist the District Judge McLaughlin's de novo review of the Report and Recommendation (R&R) in order to properly preserve his Claims and assure that they are properly before the Court.

As a preliminary note, Plaintiff does not dispute the Procedural and Factual History as set forth in the R&R by Magistrate Baxter. However, as could be expected, Plaintiff does dispute certain findings and the ultimate recommendations being made based upon same. This is so as Plaintiff wishes to preserve as many of his Claims as possible for the Jury to decide as to their validity and/or the liability of the Defendants.

## JURISDICTION

As set forth in Magistrate Judge Baxter's R&R; the instant pleading is specifically allowed by statute. To wit, the Magistrates Act, 28 U.S.C. §636(b)(1)(B) and (C); <u>also</u> Amended R&R at 10, §III, CONCLUSION. Petitioner deems that he need cite no further authority for the filing of his Objections as set forth herein.

As a side note, however, he wishes the Court to observe that he has been Granted an Enlargement of Time to file the instant Objections in the Court's Order of 08/03/06. Same being to and including 08/23/06 to file the instant pleading with the Court. Whereby Plaintiff timely files his Objections on or before the date due, <u>see</u>: Certificate of Service, infra.

## PROCEDURAL BACKGROUND

Plaintiff respectfully adopts the Relevant Procedural and Factual Background as set forth in Magistrate Baxter's Amended R&R with one major exception and/or addition. That Plaintiff deems that he <u>has</u> exhausted his Claims of violation of his Eighth Amendment Right to be free from cruel and unusual punishment and to be afforded adequate medical care.

Specifically, Plaintiff submits that the Court has been provided with the materials which clearly show this by both the Plaintiff and the Defendants. Same having been filed with the Court by and through Counsel for the Defense, to wit, Paul D. Kovac, Assistant U.S. Attorney (AUSA or Defense Counsel) with the Defendants' Memorandum of Law in Support of Motion to Dismiss the Complaint (hereinafter Brief). <u>See</u>: Exhibits to Brief, Nos. 5, 6, and 7. To wit, Institutional Request

2

for Administrative Remedy, Regional Office Appeal, and Central Office Appeal, respectively.

<u>ALSO</u> <u>SEE</u>: Plaintiff's Objections to Magistrate Judge's Report and Recommendation of May 9, 2006; Exhibits. Plaintiff has inadvertently not numbered his Exhibits as filed with the Court; but notes that they are the exact same forms and responses filed by the Defendants in support of their Motion to Dismiss. These Exhibits/Documents contain the materials for the Court to conclusively determine that the Eighth Amendment Claim(s) <u>are</u> , in fact, exhausted as set forth below in the Discussion of these Objections.

## DISCUSSION

In the Amended R&R at 7-8, Judge Baxter quotes Document #42, Attachment 2; setting forth Plaintiff's Grievance with respect to his Retaliation Claim. To wit, part of the Grievance/ Administrative Remedy Process of the BOP. This is not, however, dispositive of the inquiry which must be made by the Court.

Succinctly, this Court must determine whether or not the "Claim" was adequately placed before the agency and whether or not the agency was able to address same. In sum, it would, in a perfect world, be commendable if each and every pro se indigent illiterate inmate could, and would, set forth each and every possible Claim that he will, or could, raise in a a subsequent Civil Complaint. However, as this Court is well aware, we do not, by any means, live in a perfect world. In fact, if this were so the pressure on the Court's precious judicial resources would be greatly reduced -- possibly negated totally.

> Court must interpret exhuastion requirements in light of its purposes, which include goal of giving officials time and opportunity to address complaints internally; thus, grievance should be considered sufficient to extent that grievance gives officials fair opportunity to address problem that will later form basis of lawsuit, and further, as practical matter, amount of information that is necessary will likely depend to same degree on type of problem about which inmate is complaining. Johnson v. Johnson (2004, CA5 Tex) 385 F3d 503.

42 USCS §1997e, note 20.

In light of this and the Supreme Court's reference:

> Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. Booth [v. Churner] 532 US at 737, 149 L Ed 2d 958, 121 S Ct 1819 (2001). In other instances, the internal review might "filter out some frivolous claims." Ibid. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy. See ibid; see also Madigan, 503 US, at 146, 117 L Ed 2d 291, 112 S Ct 1081.

Porter v. Nussle, 534 US 516, 525, 152 L Ed 2d 12, 21-22, 122 S Ct 983 (2002).

In general, the Supreme Court has acknowledged that Congress has, with the enactment of, and amendment of, 42 USCS §1997e; the "return of prison administration, in the first instance, to the prison officials -- the ones best suited for such a purpose." (Citation omitted for brevity). But this is not, nor should it be, a complete bar to the bringing of a federal law suit for the purpose of seeking redress to a perceived violation of one's Constitutional Rights. And prior to the enactment of §1997e, the maximum to be followed in an agency "administrative remedy process" is/was that an agency was "put on notice" of

4

the alleged violation and thereby given an "opportunity" to respond/correct same.

Plaintiff will not belabor this Honorable Court with an extended Discussion with respect to his personal views as to whether or not this is an expeditious and/or efficient manner to deal with prisoner complaints.  He would, however, respectfully remind the Court of Blackstone's admonishment in the past that while the application of an oversight of this type may well be least expansive in both resources and time -- it is not always the best.  To wit, having someone "police" themselves may well conserve resources of the State; but would not necessarily assure that no violations occurred.  If the agency had noone to answer to, it would not be bound except in a rethorical sense.

But more to the point, the question presented here is whether or not the agency, to wit, BOP has been afforded an opportunity to address Plaintiff's Claims.  The particular Claim relevant at this time is the one of the Eighth Amendment Violation with respect to the exposure to second-hand smoke and/or silica dust. See: Amended R&R, at 7, # 4. Exhaustion Applied.  Plaintiff contends that he has not only exhausted this Claim(s); but the Court has been provided with the proof of same by <u>both</u> the Defendants and Plaintiff.

Specifically, the Administrative Remedies of Plaintiff as supplied with the Motion to Dismiss <u>and</u> with Plaintiff's Objections to the Original R&R contain the Complaint/Grievance with respect to the Claim.  See: Exhibits to Memorandum of Law in Support of Motion to Dismiss; at Exhibit 5, p. 1, Request for Administrative Remedy, ¶ 1:

5

> On 4/8/03, I filed Administrative Remedy complaining about my ailments due to UNICOR excessive secondhand smoke. In retaliation for complaining about UNICOR [ sic ] smoke, and about the health problems caused by UNICOR ETS, I WAS FIRED FROM UNICOR.
> ...
> ... They coerced me to withdraw my administrative remedy against UNICOR for the secondhand smoke and in return I was promised to be reinstate to my UNICOR job in the Dayshift instead of Nightshift. ....

Ibid. Also see: Attachment to Objections to First R&R.

Then, in the PART B - RESPONSE; the Warden responds:

> ...
> With respect to your claims of adverse health related to **secondhand smoke in the factory,** there have been three separate visits by a compliance officer from Occupational Safety and Health Administration (OSHA). ... The preliminary findings indicate no evidence of any concerns related to the air quality within the factory. ...
>
> Based on these findings your Request for Administrative Remedy is denied.
> ....

Id, at p. 2, ¶¶ 2 & 3. See also: Attachment to Objections to First R&R.

In sum, this shows that while Plaintiff did not pursue his originally filed Complaint/Grievance with respect to the issue/claim of secondhand smoke; it was clearly set forth as a basis for the Claim in his Complaint/Grievance in conjunction with his retaliation Complaint/Grievance. Hence, as the Warden even specifically addressed this Claim in the Response -- the Defendant's are judicially estopped from raising the defense of failure to present the claim to the agency. The agency in question, or more pointedly the agency's agent, to wit, Warden LaManna, has clearly decided that the claim was properly presented -- as he has chosen to Respond to same.

In fact, the same is true for the Appeals of the Warden's

6

Denial of the Request for Administrative Remedy.  Therein the respective agents, to wit, Regional Director, M.E. Ray, and Administrator, National Inmate Appeals, Harrell Watts; both address the Claim of secondhand smoke made by Plaintiff.  In Exhibit 6 & 7 to the Defendants' Motion to Dismiss at p. 1, Plaintiff reiterates his secondhand smoke Complaint/Grievance:

> On 4/8/03, I filed administrative remedy complaint about my ailments due to UNICOR excessive secondhand smoke (ETS) and silica dust.  In retaliation for complaining about UNICOR ETS etc., I was fired from UNICOR.
> ....

Ibid.  (Also: Attachment to Objections to First R&R).

In the Regional Part B - Response, Exhibit 6 at p.2, ¶3:

> The Occupational Safety and Health Administration (OSHA) recently inspected the UNICOR factory for air quality and other work-related potential hazards.  The findings indicate no evidence of any concerns related to the general air quality within the factory.  OSHA's final report has been posted in UNICOR for review by staff and inmates, in accordance with OSHA guidelines.  Accordingly, your appeal is denied.
> ....

Ibid.  (Also: Attachment to Objections to First R&R).

There is a slight divergence from this particular set of circumstances when we reach the Part B - Response to the Central Office Administrative Remedy Appeal, Exhibit 7, p.2.  Specifically, the Central Office, by and through the National Inmate Appeals Administrator Mr. Watts -- **does not address** Plaintiff's Claim(s) set forth in the actual Appeal.  But here again this does not bar the bringing of the Claim in a subsequent suit.

First it must be remembered that the agency was properly apprised of the Complaint/Grievance as set forth above.  Next it must be remembered that the agency had, at both of the previous levels of the Administrative Remedy Process below; addressed

the secondhand smoke claim. So the oversight or choice of not addressing the secondhand smoke in no way creates any sort of bar to the raising of the Claim now.

This is so as the BOP Administrative Remedy Process clearly sets forth that the non-response of the respective level of the Grievance Procedure can, at any time after the expiration of the relevant time period, with any extensions, may consider the non-response as a denial and move to the next level. <u>See</u>: BOP Program Statement #1330.13, §12. [<u>RESPONSE TIME</u> C.F.R. §542.18. ... If the inmate does not receive a response within the time allocated for reply, including extension, the inmate may consider the absence of a response to be a denial at that level.] In this instance, the Central Office's non-response would entail the axiomatic conclusion that the next level could/should be sought. To wit, the seeking of judicial review.

Wherewithal, Plaintiff has exhausted his available Remedies with respect to his secondhand smoke and silica dust -- as it was placed before the Central Office on Appeal -- and was not rejected on procedural grounds and therefore was properly placed before the agency and same was "afforded an opportunity to address the complaint." And while Plaintiff would acquiesce that this may well have been more forcefully placed before the Court previously, as it has been, by both the Plaintiff and the Defendants, placed there in a somewhat covert manner. For the Defendants to take the position that the Eighth Amendment Claim is not exhausted -- while their own Exhibits clearly show same -- is not a good faith manner with which to litigate the instant, or any, cause before this or any court.

And at this juncture, Plaintiff will concede that his Claim with respect to the United States, to wit, Tort Claim; is untimely. But does state unequivocally that this was, in no way, an attempt to circumvent any of the applicable laws. It was just a mere oversight on his part as, in his pro se standing, was listening to other inmates and felt that he had additional time within which to file his Complaint. But unfortunately this is/was not the case and now Plaintiff is "paying the price" of his procrastination and will do so for the remainder of his life.

But the Defendants are playing fast and loose with the Exhibits and Facts of this cause and the Court should make an appropriate admonishment with respect to same. In fact, Plaintiff would be receptive to any sanctions which the Court deems just and proper. The actions of the Defendants are clearly causing the Court, and all interested parties, to expend precious resources in order to make continued filings in response to their pleadings. When, in fact, if the entire materials which are/were filed are reviewed, the counter-claims of the Defendants are clearly refuted by their own filings. Somewhat of an inverse *sine qua non*; "something with which something could not be" -- as opposed to "something without which it cannot be".

WHEREFORE PLAINTIFF PRAYS, that this Honorable Court will Rejected the Amended Report and Recommendation made by Magistrate Judge Susan P. Baxter with respect to the Eighth Amendment Claim(s); and direct the Magistrate Judge to Order Pre-Trial Discovery and set a date for Trial.

AND FURTHERMORE, Grant Plaintiff any additional Relief the Court deems just and proper.

## DECLARATION

I, Juan Davila-Bajana, hereby declare and affirm, under the penalty of perjury pursuant to 28 U.S.C. §1746(2), that the foregoing pleading is true and correct to the best of my knowledge and recollection, this 13th day of August, 2006.

                              Juan Davila-Bajana, Pro Se
                              Fed. Reg. No. 47580-053
                              FCI McKean
                              P.O. Box 8000
                              Bradford, PA 16701

## CERTIFICATE OF SERVICE

I, Juan Davila-Bajana, hereby certify that I served true and correct Originals of the foregoing pleading and accompanying Declaration, by first-class postage prepaid surrender to prison officials, this 14th day of August, 2006, to:

1. Clerk of the Court
   U.S.D.C. for W.D. PA
   17 S. Park Row
   Erie, PA 16501

2. Paul D. Kovac, AUSA
   U.S. ATTORNEY'S OFC.
   700 Grant St., Ste. 400
   Pittsburgh, PA 15219

                              Juan Davila-Bajana, Pro Se
                              Fed. Reg. No. 47580-053
                              FCI McKean
                              P.O Box 8000
                              Bradford, PA 16701