IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JUAN DAVILA-BAJANA,

    Plaintiff,

v.

TIM HOLOHAN, et al.,

    Defendants.

Civil Action No. 04-253E

Judge McLaughlin
Magistrate Judge Baxter

ELECTRONICALLY FILED

## DEFENDANTS' ANSWER

AND NOW, come the Defendants, Tim Holohan, Marty Sapko, Deborah Forsyth, Dave English, Robert Klark, and Stephen Housler (hereinafter collectively referred to as "Defendants"), by and through their attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania; Paul D. Kovac, Assistant United States Attorney for said district; and Douglas S. Goldring, Assistant General Counsel for Federal Prison Industries, Inc, and answer the Plaintiff's Complaint as follows:

1. The averments in paragraph 1 are Plaintiff's characterization of his case and legal conclusions to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

2. The averments in paragraph 2 relate to a claim which was previously dismissed from this cause of action, and to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

3. The averments in paragraph 3 state legal conclusions to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

## JURISDICTION AND VENUE

4. The averments in paragraph 4 state legal conclusions to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

5. The averments in paragraph 5 state legal conclusions to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

## THE PLAINTIFF

6. ADMIT.

## THE DEFENDANTS

7. ADMIT.

## FACTUAL ALLEGATIONS

8. The averments in paragraph 8 are Plaintiff's characterization of his case and legal conclusions to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

9. ADMITTED that Plaintiff commenced the Administrative Remedy procedure on or around April 8, 2003, and that he sought to be reinstated to UNICOR. It is further ADMITTED that some of the Defendants met with Plaintiff in May 2003 to discuss the conditions in the factory and his work assignment. It is further ADMITTED that Plaintiff subsequently withdrew his Administrative Remedy. The remaining allegations not otherwise admitted are DENIED.

10. DENIED.

11. DENIED.

12. The Eighth Amendment averments in the first sentence of paragraph 12 have been previously dismissed from this lawsuit and are therefore no longer before the Court. Thus a response is not required. The remaining allegations are legal conclusions to which no response is required. To the extent a response is required, however, the averments in this paragraph are DENIED.

## RELIEF

13. The averments in paragraph 13 constitute Plaintiff's prayer for relief and are DENIED.

14. The averments in paragraph 14 constitute Plaintiff's prayer for relief and are DENIED.

15. Each and every allegation of material fact not admitted, denied, or otherwise qualified is hereby denied.

## FIRST AFFIRMATIVE DEFENSE

Defendants are entitled to Qualified Immunity.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has not satisfied the exhaustion requirement of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim of any Constitutional violation for which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

To the extent any of the Defendants are named in their official capacities, they are entitled to sovereign immunity.

## FIFTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over this action.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust administrative remedies.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of *res judicata* and collateral estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole, or in part, by the applicable statute of limitations.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate damages.

WHEREFORE, Defendants pray this Court dismiss Plaintiff's Complaint with prejudice.

    Respectfully Submitted,

    MARY BETH BUCHANAN
    United States Attorney


    s/Paul D. Kovac
    PAUL D. KOVAC
    Assistant United States Attorney
    Western District of Pennsylvania
    U.S. Post Office and Courthouse
    700 Grant Street, Suite 4000
    Pittsburgh, PA 15219
    412-894-7489

OF COUNSEL:

Douglas S. Goldring
Assistant General Counsel
Federal Prison Industries (UNICOR)
400 First Street, NW, 8th Floor
Washington, DC 20534

Dated:  September 22, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of September, 2006, I electronically filed and mailed via first-class mail a true and correct copy of **DEFENDANTS' ANSWER** to the following:

> Mr. Juan Davila-Bajana
> Plaintiff Pro Se
> Reg. No. 47580-053
> FCI-McKean
> P.O. Box 8000
> Bradford, PA 16701

                             s/Paul D. Kovac
                             PAUL D. KOVAC
                             Assistant U.S. Attorney