IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JUAN DAVILA-BAJANA,

    PLAINTIFF,

-VS-

TIM HOLOHAN, et al.,

    DEFENDANTS.

C.A. NO. 04-253-ERIE
District Judge McLaughlin
Magistrate Judge Baxter

CONSOLIDATED MOTION FOR, AND BRIEF IN SUPPORT OF:

ORDER OF EXPRESS DETERMINATION UPON THE DISMISSAL OF PLAINTIFF'S

EIGHTH AMENDMENT CLAIM PRESENTLY DISMISSED BY ORDER OF 8-18-06

    COMES NOW Juan DAvila-Bajana, pro se (Plaintiff); and hereby respectfully submits his Motion and Brief for an Order from the Honorable Sean McLaughlin entering a Determination Upon the Dismissal of Plaintiff's Eighth Amendment Claim of Cruel and Unusual Punishment presently Dismiss by the Court in its Order of 8/8/06.

    Same is dome in light of the Third Circuit's Letter Request for a Jurisdictional Statement based upon Federal Rules of Civil Procedure, Rule 54(b). <u>See</u>: Exhibit A. Plaintiff deems that the equitable and just manner to deal with his presently pending Interlocutory Appeal is to allow same to proceed to preserve precious judicial resources.

JURISDICTION

**(b) Judgement Upon Multiple Claims or Involving Multiple Parties.**

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgement as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgement. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgement adjudicating all the claims and the rights nd liabilities of all the parties.

Federal Rules of Civil Procedure, Rule 54(b). (FRCVP).

### PROCEDURAL BACKGROUND

On or about 9/7/04, Plaintiff instituted the instant cause seeking redress for the violation of his Constitutional Rights by the Defendant named therein the Caption. In the interim this Cause has wound its way through the pleading stage of the Federal Civil realm of pre-trail proceedings.

To date the Court has Ruled on the propriety of which Claims should proceed to the Discovery Phase. In this process the Court has Dismissed Claims/Counts One and Three (1 & 3, respectively). To wit, Plaintiff's Claim of an Eighth Amendment Violation and Federal Tort Claims Act Violation.

Plaintiff has gone on the Record acquiescing that the Tort Claim should be dismissed for lack of jurisdiction due to his not filing his suit within the statutory time limitations. However, Plaintiff has also Objected to the Dismissal of his Eighth Amdendment Claim.

In fact, Plaintiff has also filed an Interlocutory Appeal with the Third Circuit Court of Appeals. See Third Circuit Case #06-4065. At this time the Third Circuit Staff Attorney, Laura L. Greene, has requested that Plaintiff supply the Court of Appeals with a jurisdictional statement as to the basis for the Third Circuit's Jurisdiction over the presently filed Appeal.

During the research of this question, Plaintiff has found that this

issue is best addressed at the District Court level by way of requesting an Express Determination. See: FRCVP, R.59(b), supra. And while Plaintiff has filed the necessary forms for the proceeding on Appeal in forma pauperis; this Court would be best suited, and also would be the least burdensome on the parties of the suit, to entertain the question of the Appeals Court's Jurisdiction in the first instance.

AND IN SUPPORT THEREOF, PLAINTIFF AVERS THE FOLLOWING:

### DISCUSSION

As a preliminary note, Plaintiff would remind the Court that the Supreme Court had expressly recognized that:

> A definite policy to permit the entry of separate judgements where the claims are entirely distinct is indicated by the provisions of Rule 54(b). Reeves v. Beardall (1942) 316 US 283, 86 L Ed 1478, 62 S Ct 1085 (superseeded by statute on other grounds as stated in Seaboard Surety Co. v. Dale Constr. Co. (1956, CA1 Mass) 230 F2d 625).

USCS Federal Rules of Civil Procedure, Rule 59.

So while the validity of entering final judgements on distinct Claims is well established; it must be remembered that the landscape has changed drastically in the interim. Especially with the enactment of the Prison Litigation Reform Act of 1995. (PLRA). Therein Congress has expressed a decision to require the Dismissal of frivolous and malicious suites instigated by prisoners. To this end there has been an inclusion of a mandate for the District Court to undertake a screening process to make sure that the Claims raised in prisoner suits are of a legal nature that will allow for review.

This is inclusive of a number of criteria and other types of principles in order to assure that the Claims are cognizable before a Federal Court of Law. In the instant case the only provision of this Act which is squarely before the Court is whether or not the Claim raised, to wit, Eighth Amendment Claim of cruel and unusual punishment by the exposure of Plaintiff to second-

3

hand of "environmental" smoke, has been "exhausted" through administrative remedies.  See generally: 42 USCS §1997e(a).  Applicability of administrative remedies.

> Congress enacted 42 USCS §1997e(a) -- which precluded bringing of any action with respect to prison conditions under 42 USCS §1983, or any other federal law, by state prisoner confined in any jail, prison, or other correctional facility until available administrative remedies were exhausted -- to reduce quantity and improve quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing initiation of federal case.  Proter v. Nussle (2002) 534 US 516, 152 L Ed 2d 12, 122 S Ct 983, ....

42 USCS §1997e(a).  See also: Booth v. Churner, et al., 532 US 731, 149 (2001) (Subsection (a) of 42 USCS §1997e held to require prisoner to complete prison administrative process before suing over prison conditions even though prisoner sought only money damages not recoverable through such process).

And in the instant cause, Plaintiff needs the requested Ruling by the District Court at this time for more than just Appellate Jurisdiction; he would need same even if he had not already filed his Notice of Appeal and Docketed same with the Appeals Court.  This is so as he requires same in order to make decisions to protect himself.

> With regard to actions involving multiple claims, the obvious purpose of Rule 54(b), as amended, is to reduce as far as possible the uncertainty and hazard assumed by litigant who either does or does not appeal from judgement upon single claim in action involving multiple claims; it provides an opportunity for litigants to obtain from district court a clear statement of what that court is intending with reference to finality, "and if such a direction is denied, the litigant can at least protect himself accordingly."  Dickson v. Petroleum Conversation Crop. (1950) 338 US 507, ....

USCS Federal Rules of Civil Procedure, Rule 54, n.21.

Plaintiff deems that this Court must enter an Order with respect to the finality of its disposition of the Eighth Amendment Claim because, if for no other reason, the resources of this Court will be more efficiently used.  Should the Court not make the finality formal and create the jurisdictional prerequisite for the Third Circuit (CA3); Plaintiff may be required to effect

4

an Appeal at a later date. And should he prevail on the merits of his Appeal and the CA3 Remand his Cause for a trial on the inadvertently Dismissed Claim; this Court's precious judicial resources would be squandered by having to again go through an entire Discovery Process for the Claim and then have a Second Jury Trial on any disputed material facts.

But should this Court make the requested Ruling at this time, Plaintiff can then have the issue of the Dismissal reviewed promptly by the CA3 and possibly have his Claim reinstated for trial. Which will allow for the Discovery Process to just be inclusive of the Eighth Amendment Claim. Greatly reducing the burden on the Court's, as well as the interested parties, resources. This is the just and equitable manner to dispose of the CA3's quandry with respect to its jurisdiction to hear the instant Appeal lodged at 06-4065.

> In a multiple claims case under Rule 54(b), judgement which finally adjudicates all the claims is only judgement having finality unless the District Court in exercise of its discretion expressly determines that there is no just reason for delay with respect to entry of final judgement upon particular claim in the action and accordingly expressly directs entry of a final judgement adjudicating that claim. Bendix Aviation Corp. v. Glass (1952, CA3 Pa) 195 F2d 267, 92 USPQ 235, 38 ALR2d 356.

USCS Federal Rules of Civil Procedure, Rule 54, n.23

Additionally, Plaintiff will, for the Record, state that even if the Dismissal was done under the guise of being done "without prejudice"; he could still not cure this defect simply because the interal grievance procedures clearly would not be available to him   This is so as the Federal Bureau of Prisons (BOP) administrative remedy process seeking review of a complaint must be instituted by the prisoner within twenty (20) days of the incident/act/ omission which is sought to be reviewed. This Court is well aware that the time period that has transpired clearly would bar him from seeking the review of the BOP through its remedy process.

So, the Dismissal of the Eighth Amendment Claim for failure to exhaust, even if not intended to be, is, in fact, a final determination -- as Plaintiff

5

cannot avail himself of the administrative remedy process thereby enjoining this Court with jurisdiction to hear the Claim. This is a defacto final determination even though it is not expressly entitled as such; and bars the raising of said Claim in the future because it cannot be made cognizable by and through the Congressionally mandated "exhaustion of administrative remedies". See generally: 42 USCS §1997e(a). This will cause irreparable harm to Plaintiff by forever barring the review of his Claim.

However, the entering of an express determination at this time will create the necessary jurisdiction for the CA3 and allow Plaintiff to continue the litigation he began. Notwithstanding the fact that Plaintiff deems that the full review process being implemented at this time will allow for the conversation of precious judicial resources. As noted, ante, the resources of this Court may well be conserved by not having to entertain a second trial on the merits of this Claim at a later date merely because the CA3 is unable to review the Dismissal at this time. When the issue is raised on the final adjudication in/on trial of the additional Claim of retaliation; the CA3 may Remand for Trial based on the District Court's inadvertent dismissal of the Claim -- causing a second trial to be scheduled and placing a burden on the resources of this Court simply because the review wasn't done previously in a timely manner based on a simple oversight at this time.

## CONCLUSION

As set forth more fully above, this Court will be well served, and the Third Circuit, by the entering of an Express Determination on the Claim of Eighth Amendment Second-Hand Smoke (Environmental Smoke) raised in the Original Complaint. This is so as the Third Circuit has expressed a concern with its Appellate Jurisdiction not lying at this time simply because the Order Dismissing the Claim at this time is not considered, by the Third Circuit,

to be a final Adjudication of the Claim. (Though Plaintiff deems that there is an argument for this being the case, it is not squarely before this Court and is to be Briefed contemporaneously herewith this Motion to the Third Circuit.)

WHEREFORE PLAINTIFF PRAYS, that the Honorable Sean McLaughlin will Issue an Order Expressly making the Dismissal of his Eighth Amendment Claim a Final Order and thereby Appealable.

AND FURTHERMORE, Grant Plaintiff any additional Relief the Court deems just and proper.

OR, IN THE ALTERNATIVE, Issue an Order directing the Federal Bureau of Prisons, Federal Correctional Institute McKean's Warden Marberry, to Grant Plaintiff an Extension of Time to file his Administrative Remedy to seek the Review of his Eighth Amendment Claim through the Bureau of Prisons Administrative Remedy Process.

Respectfully Submitted,

Juan Davila-Bajana, Pro Se
Fed. Reg. No. 47580-053
FCI McKean
P.O. Box 8000
Bradford, PA 16701

## DECLARATION

I, Juan Davila-Bajana, hereby declare and affirm, under the penalty perjury pursuant to 28 USCS §1746(2), that the foregoing pleading is true and correct to the best of my knowledge and recollection, this 2nd day of October, 2006.

*[signature]*
Juan Davila-Bajana, Pro Se
Fed. Reg. No. 47580-053
FCI McKean
P.O. Box 8000
Bradford, PA 16701

## CERTIFICATE OF SERVICE

I, Juan Davila-Bajana, hereby certify that I served true and correct Originals of the foregoing pleading and accompanying Declaration, by first-class postage prepaid surrender to the prison officials, this 2nd day of October, 2006, to:

1. Clerk of the Court
   U.S.D.C. for W.D. PA
   17 South Park Row
   Erie, PA 16501

2. Paul D. Kovac
   AUSA for W.D. PA
   700 Grant Street, Ste. 400
   Pittsburgh, PA 15219

*[signature]*
Juan Davila, Pro Se
Fed. Reg. No. 47580-053
FCI McKean
P.O. Box 8000
Bradford, PA 16701

Juan Davila  
Fed. Reg. No. 47580-053  
FCI McKean  
P.O. Box 8000  
Bradford, PA 16701  

October 2, 2006

Clerk of the Court  
U.S.D.C. for W.D. PA  
17 South Park Row  
Erie, PA 16501  

RE: <u>DAVILA-BAJANA V. HOLOHAN, ET AL.</u>, CASE NO. <u>04-253-ERIE</u>.

Dear Sirs:

    Please find enclosed my Motion for Express Determination to be filed with this Court.

    I believe that you will find everything in order. But should you find that you require more, please contact me at the above address.

Sincerely,

Juan Davila-Bajana

enc. YES  
cc.  FILE; AUSA KOVAC.