UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JUAN DAVILA-BAJANA,

    PLAINTIFF,

-VS-

TIM HOLOHAN, ET AL.,

    DEFENDANTS.

CIVIL ACTION NO. 04-253(E)

JUDGE: SEAN J. MCLAUGHLIN
Mag. Judge Susan P. Baxter

---

CONSOLIDATED MOTION FOR, AND BRIEF IN SUPPORT OF:

ENLARGEMENT OF TIME TO EFFECT SERVICE ON DEFENDANTS FORSYTH AND KLARK

NOW COMES Juan Davila-Bajana, Pro se (Plaintiff); and hereby respectfully submits his Motion to Enlarge the time for Effecting Service on the Defendants Forsyth and Klark. Same has been noticed on Plaintiff by and through the Defendants Second Motion to Dismiss, or in the alternative, Summary Judgement. (Second Motion to Dismiss).

### JURISDICTION

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that plaintiff shows good cause for the failure. the court shall extend the time for service for an appropriate period....

Federal Rules of Civil Procedure, Rule 4(m). Time Limit for Service. See also: Federal Rules of Civil Procedure, Rule 6(b). Time Enlargement. (FRCvP).

## PROCEDURAL BACKGROUND

As a preliminary note, Plaintiff was predisposed to believe that the Defendants had all been served by the United States Marshals' Service as directed by the Court. This is supported by the fact that all of the Defendants had/have been filing numerous motions, pleadings, and other materials by and through their respective counsel.

And as the Defendants referenced is/are/were federal employees; Plaintiff understood that there is a procedure for them to be afforded representation by government counsel. To wit, by the Assistant U.S. Attorney and Assistant General Counsel, Federal Prisons Industries. In sum, Plaintiff understood that they were required to go through a process in order to have said counsel represent them -- which would have had to be started with they producing proof that they were, in fact, being sued by someone for some aspect of their employment with the Federal Government.

Whereby the very fact that the Counsels referenced above, to wit, Paul D. Kovac and Douglas S. Goldring, were filing pleadings with this Court on the behalf of Defendants in this cause on the Court's Docket -- would lead any reasonable person to believe the same. Why would any member of the Bar of this Court file pleadings in the Court under the pretense of representing a party to an action, if they were not properly retained by same? So the fact that they are the "Attorney of Record" for the Defendants referenced (Forsyth and Klark) is clearly prima facia evidence of Service.

However, notwithstanding the above, Plaintiff has not received the Docket Entry referenced in Footnote 1 of the Second Motion to Dismiss. To wit, Plaintiff has not received any Letter from the U.S. Marshals dated July 6, 2006. As such, there is/was no reason for Plaintiff to make any further efforts at assuring the Service of the Defendants referenced. But at this time Plaintiff is promptly making the necessary efforts to correct the oversight.

## DISCUSSION

Plaintiff will not belabor this Honorable Court with an extended argument for the propriety of the Court Enlarging the Time for Service on the Defendants. As Plaintiff did not receive the referenced July 6, 2006, Letter from the Marshals Service; he understood that the Parties had been Served. Especially as they had all been filing pleadings with the Court as Parties -- clearly this is evidence of Service.

But at this time Plaintiff will be in contact with the Marshals Service in Pittsburgh and work in conjunction with them to resolve this Service deficiency. And Plaintiff is also going to make further inquires as to the whereabouts of the Defendants Forsyth and Klark from the Department of Justice. Hopefully the respective employers will be able to assist in the forwarding address of the Defendant Klark who has retired.

And in retrospect, Plaintiff would have the Court question the propriety of the Defendants Counsel just now bringing this forward. How is it that the fact that the Defendant was not served in the nearly two (2) years since the filing of the Complaint just now an issue? And isn't the fact that the respective Defendants have been filing pleadings with the Court and serving and being served through Counsel of Record proof of Waiver of Service?

Either way, Plaintiff respectfully submits that he should be given time to correct the Service defect because there is obvious "good cause shown". He understood that Service was effected and there was no indication that this was not the case -- he continually received a response to any thing he filed with the Defendants' Counsel -- and naturally understood that they had effected a Waiver pursuant to FRCvP, Rule 4. And that thereby there was no need to further "serve" the Defendants.

WHEREFORE PLAINTIFF PRAYS, that the Honorable Court will Enlarge the Time to make Service for ninety (90) days from this Motion; to wit, to and

3

and including March 4, 2007.

AND FURTHERMORE, direct the Clerk of the Court to Serve Docket Entry No. 44 on Plaintiff so that he can review same and make the necessary arraingements to effect service on the Defendants Forsyth and Klark.

AND FURTHERMORE, Grant Plaintiff any additional Relief the Court deems just and proper.

Respectfully Submitted,

Juan Davila-Bajana, Pro Se
Fed. Reg. No. 47580-053
FCI McKean, Box 8000
Bradford, PA 16701

## DECLARATION AND CERTIFICATE OF SERVICE

I, Juan Davila-Bajana, hereby Declare and affirm that that the foregoing pleadings is true and correct to the best of my knowledge and recollection; and that I served true and correct Originals, by first-class postage prepaid surrender to the prison officials, this 3rd day of January, 2007, to:

1. Paul D. Kovac
   AUSA for W.D. PA
   700 Grant St., Ste. 4000
   Pittsburgh, PA 15219

2. Douglas S. Goldring
   Asst. Gen. Co. FPI (UNICOR)
   400 First St, N.W., 8th Fl.
   Washington, DC 20534

Juan Davila-Bajana, Pro Se
Fed. Reg. No. 47580-053
FCI McKean, Box 8000
Bradford, PA 16701