IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUAN DAVILA-BAJANA, | ) | Civil Action No. 04-253E |
| | ) | |
| Plaintiff, | ) | Hon. Sean J. McLaughlin |
| | ) | United States District Judge |
| v. | ) | |
| | ) | Hon. Susan Paradise Baxter |
| TIM HOLOHAN, et al., | ) | Chief United States Magistrate Judge |
| | ) | |
| Defendants. | ) | ELECTRONICALLY FILED |

## DEFENDANTS' PRETRIAL STATEMENT

AND NOW come Defendants, by their attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, Paul D. Kovac, Assistant United States Attorney for said district, and Douglas S. Goldring, Assistant General Counsel, Federal Prison Industries, Inc., and respectfully submit the following Pretrial Statement:

**I.** **Narrative Statement of Facts**

Plaintiff, Juan Davila-Bajana, Register Number 47580-053, is a federal prison inmate currently incarcerated at Federal Correction Institute McKean ("FCI McKean"). Plaintiff is serving a 20-year sentence for Conspiracy to Distribute Cocaine and Heroin, in violation of 21 U.S.C. §§ 841, 846. His projected release date is November 11, 2016, via Good Conduct Time release.

At trial, Defendants will present evidence demonstrating that Plaintiff was assigned to work in the Federal Prison Industries, Inc. (FPI or trade name UNICOR) factory in FCI McKean. This work assignment first occurred on or around March 23, 1999, and lasted only a short time before he was removed from the institution pursuant to a Writ of Habeas Corpus. He returned in January 2000, and was reassigned to UNICOR, which was his work assignment for much of the

time until his ultimate removal on or around March 31, 2003. During the time he was assigned to UNICOR, Plaintiff performed primarily clerical and supply functions.

The evidence will show that on or around March 31, 2003, while conducting a routine search of the factory, Defendant David English, a Woodwork Supervisor for UNICOR, found an unauthorized piece of scrap material which could have been used to fashion a weapon. This material was located in the vicinity of Plaintiff's workstation. Evidence will show that inmates are not permitted to store scrap pieces in or around their workstations.

At that time, three inmates were assigned to work stations in the vicinity of the unauthorized material. However, it was not possible to determine which inmate actually was responsible for possessing the unauthorized material. As a precautionary measure pending investigation, the evidence will show that a determination was made to temporarily remove all three inmates from the factory pending the outcome of the investigation. This decision was based, in part, on the fact that this was the second time Plaintiff had been removed from his UNICOR work assignment as a result of his use of UNICOR materials to fashion weapons. In the previous incident, he was found in possession of sandpaper, which was not authorized at his workstation.

Records to be admitted at trial will show that in April 2003, subsequent to his removal from the factory, Plaintiff filed a Request for an Administrative Remedy. In that request, he alleged that he was removed from UNICOR because of his concerns with the air quality. The Court will hear from the Business Manager, Factory Manager, and the former Executive Assistant at the institution who met with Plaintiff to discuss his request. At that time, it was explained to him that the reason for his removal was not based upon any concerns he may have

raised relating to the air quality at the UNICOR prison factory. Instead, Plaintiff was temporarily removed pending investigation simply because of the unauthorized material discovered in the vicinity of his workplace, a measure that is perfectly acceptable given the primary concerns of prison safety. Plaintiff was further instructed that if he wanted to be reassigned to his UNICOR work assignment, he would have to discuss the matter with the Superintendent of Industries. There is no indication he ever did so.

The only claim before this Court is Plaintiff's First Amendment allegation that he was removed from his FPI work assignment as a result of his complaints relating to his exposure to Environmental Tobacco Smoke and Silica Dust. The evidence will clearly demonstrate that under applicable law, Plaintiff fails in his initial burden of demonstrating that his informal complaints constitute protected conduct under the Constitution. Documentary evidence and witness testimony will also demonstrate that Plaintiff fails to establish that his complaints regarding air quality were the substantial and motivating factor in the decision to temporarily remove Plaintiff. The credibility of Defendants' witnesses will greatly outweigh the credibility of Plaintiff, a convicted felon. Accordingly, the evidence in this case will show that Plaintiff's removal was entirely legitimate and based upon lawful grounds.

Regardless of the First Amendment hurdles Plaintiff fails to surmount, the evidence will also demonstrate a legitimate penological interest in Plaintiff's removal from his work assignment. Pending the investigation into the possession of unauthorized materials which could have been used to create a dangerous weapon, Defendants were completely justified in temporarily removing Plaintiff in order to maintain the security and safe operation of the UNICOR factory and its personnel. This was a necessary precautionary measure not at all

unusual in the prison environment where UNICOR work assignment is a privilege, not a right. Evidence will show no other reason for Plaintiff's removal from his UNICOR work assignment, and he was repeatedly told this through verbal communications and administrative remedies. The removal of Plaintiff was a completely reasonable decision and executed in order to ensure the safety of the prison environment. Accordingly, the prison had legitimate penological interests in removing Plaintiff from his UNICOR position, and there is no evidence whatsoever that this removal was based upon retaliation.

**II.     Statement of Damages**

Defendants do not seek any damages from Plaintiff.

**III.    Witnesses**

**A.    Liability and Damages Witnesses**

Defendants may call some or all of the following witnesses at the trial of this action to testify for purposes of liability and/or damages:

    1.    Tim Holohan
        Defendant, Business Manager, UNICOR
        c/o AUSA Paul D. Kovac
        U.S. Attorney's Office
        U.S. Post Office and Courthouse
        700 Grant Street, Suite 4000
        Pittsburgh, PA 15219
        (412) 894-7489

    2.    Debora Forsyh
        Defendant, Associate Warden at FCI Jesup
        c/o AUSA Paul D. Kovac
        U.S. Attorney's Office
        U.S. Post Office and Courthouse
        700 Grant Street, Suite 4000
        Pittsburgh, PA 15219
        (412) 894-7489

3.  Martin Sapko
    Defendant, Factory Manager, UNICOR
    c/o AUSA Paul D. Kovac
    U.S. Attorney's Office
    U.S. Post Office and Courthouse
    700 Grant Street, Suite 4000
    Pittsburgh, PA 15219
    (412) 894-7489

4.  Stephen Housler
    Defendant, Safety Manager
    c/o AUSA Paul D. Kovac
    U.S. Attorney's Office
    U.S. Post Office and Courthouse
    700 Grant Street, Suite 4000
    Pittsburgh, PA 15219
    (412) 894-7489

5.  Robert Klark
    Defendant, Camp Administrator (Retired)
    c/o AUSA Paul D. Kovac
    U.S. Attorney's Office
    U.S. Post Office and Courthouse
    700 Grant Street, Suite 4000
    Pittsburgh, PA 15219
    (412) 894-7489

6.  David English
    Defendant, Woodwork Supervisor, UNICOR
    c/o AUSA Paul D. Kovac
    U.S. Attorney's Office
    U.S. Post Office and Courthouse
    700 Grant Street, Suite 4000
    Pittsburgh, PA 15219
    (412) 894-7489

7.  Monica Recktenwald
    Prison Official and Participant in Administrative Remedy Adjudication
    c/o AUSA Paul D. Kovac
    U.S. Attorney's Office
    U.S. Post Office and Courthouse
    700 Grant Street, Suite 4000
    Pittsburgh, PA 15219
    (412) 894-7489

Defendants may also rely upon any other witness mentioned in Plaintiff's Pretrial Narrative but not specifically mentioned above. Finally, Defendants may call any witness necessary for the identification and authentication of documents.

### B. Witnesses By Means Of Deposition

There were no depositions taken in this case. Accordingly, there will be no witness testimony by means of deposition.

## IV. Exhibits

Defendants may offer in evidence for purposes of liability and/or damages, some or all of the exhibits set forth in Plaintiff's Pretrial Statement. Accordingly, those relevant exhibits in Plaintiff's Pretrial Narrative are incorporated herein.

Defendants may also rely upon any exhibits which may appear, or be referenced, in the pleadings, interrogatories, or in any part of the record in this action.

Finally, Defendants note the following specific exhibits that have particular relevance to the defense of this case and that may be offered into evidence at trial either on the issues of liability and/or damages:

    A.    Plaintiff's Administrative Tort Claim

    B.    Plaintiff's Administrative Remedies

    C.    Plaintiff's Inmate Central File

    D.    Plaintiff's Inmate Medical File

    E.    Bureau of Prisons' SENTRY Database entries relating to Plaintiff

    F.    BOP Program Statements

    G.    Plaintiff's UNICOR Work File

    H.    All written responses to interrogatories

    I.    All documents produced pursuant to discovery

    J.        Indoor Air Quality Survey for UNICOR at McKean

    K.        U.S. Dept of Labor Records regarding work conditions at McKean

Defendants may also offer into evidence any exhibits that may be necessary for rebuttal and/or impeachment including various affidavits previously submitted in this case.

**V.    Legal Issues to Address at Final Pretrial Conference**

Aside from the issues presented in the pending Motion for Summary Judgment, Defendants, at this time, are unaware of any other legal issues to be addressed at the final pretrial conference.

**VI.    Copies Of Expert Disclosures**

Defendants currently have no expert disclosures and do not anticipate any expert testimony at trial.

**VII.    Supplementation Of Pretrial Narrative**

As stated above, pending with the Court is Defendants' Motion for Summary Judgment that could resolve in Defendants' favor the only remaining claim in this case. To the extent that certain issues remain or to the extent the posture of the case is changed in any manner after final disposition of the summary judgment motion, Defendants reserve the right to seek leave of the Court to amend this pretrial narrative statement.

        Respectfully submitted,

        MARY BETH BUCHANAN
        United States Attorney

        s/Paul D. Kovac
        PAUL D. KOVAC
        Assistant United States Attorney
        Western District of Pennsylvania
        U.S. Post Office and Courthouse
        700 Grant Street, Suite 4000
        Pittsburgh, PA 15219
        (412) 894-7489

      OF COUNSEL:  DOUGLAS S. GOLDRING
              Assistant General Counsel
              Federal Prison Industries (UNICOR)
              400 First Street, NW, 8th Floor
              Washington, DC 20534

Dated: May 1, 2007        Counsel for Defendants

## CERTIFICATE OF SERVICE

      I hereby certify that on this 1st day of May, 2007, I electronically filed and mailed via first-class mail a true and correct copy of **DEFENDANTS' PRETRIAL NARRATIVE** to the following:

      Mr. Juan Davila-Bajana
      Plaintiff Pro Se
      Reg. No. 47580-053
      FCI-McKean
      P.O. Box 8000
      Bradford, PA 16701


      s/Paul D. Kovac
      PAUL D. KOVAC
      Assistant U.S. Attorney