```
              UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF PENNSYLVANIA
```

JUAN DAVILIA-BAJANA,           :
                               :          FILED
       PLAINTIFF,              :
                               :      '07 JUN 15 A9:__
    -VS-                       :
                               :
TIM HOLOHAN, ET AL.,           :    CIVIL ACTION NO. 04-253-E
                               :
       DEFENDANTS.             :    JUDGE: SEAN MCLAUGHLIN
                               :    MAGISTRATE JUDGE: SUSAN P. BAXTER
                               :

---

CONSOLIDATED MOTION FOR, AND BRIEF IN SUPPORT OF:

APPOINTMENT OF COUNSEL FOR DEFENDANT FOR TRIAL

   1.   NOW COMES Juan Davilia-Bajana, Pro Se (Plaintiff); and hereby respectfully submits his Motion and Brief seeking this Honorable Court to Appoint him Counsel for his Trial in the above Captioned Cause. This Request is from Plaintiff seeking to exercise his "right" to an attorney to represent him in a civil action, and a request for submission of his case to the panel of attorneys of this Honorable Court to seek an attorney to agree to represent the Plaintiff.

   2.   Plaintiff will also state that there are strong interests to be met in the present cause by having an attorney represent the Plaintiff. And that he sets forth the following matters and materials for the Court's consideration in deciding whether or not to submit his case to the Panel for representation in his Civil Trial.

## JURISDICTION

3. The court may request an attorney to represent any person unable to afford counsel.

28 USCS §1915(e)(1). See also: Mallard v. United States, 490 US 296 (1989) (Under 28 USCS §1915(e), federal courts are not authorized to require attorney to represent indigent litigant in civil case.)

4. In sum, while the Plaintiff is not Constitutionally entitled to an attorney, there is, nonetheless, instances when there are compelling interests in having an attorney to advocate for the indigent pro se inmate. This generally turns on the discretion of the Court and other related matters. Such as the availability of funds, complexity of the case, and merits of the Claims. See: 28 USCS §1915, n.62 (Availability of funds); n.63 (Discretion of court); n. 64 (Complexity of case); and 65 (Merits of case). (Citing cases for each proposition).

5. Below, Plaintiff address the relevant matters and how they are related to his cause.

## PROCEDURAL BACKGROUND

6. Plaintiff will state that his cause has been before this Court for an extended period of time in the pre-trial pleading stage. And that because of same he will assume familiarity with same.

7. Generally this case presently is pending before the Court in the position of a Second Motion for Summary Judgement; which Plaintiff has Responded to and is presently awaiting the Court's Ruling Denying same so that he can finish his pre-trial preparations.

8. Additionally, Plaintiff has filed his pre-trial statements, narratives and other materials as directed by Judge Baxter. And he has also served these on Defendants' Counsel of Record, along with the Supplements that he has also filed to certain of the pleadings.

9. At this time Plaintiff is researching the prospect of gaining an attorney in the greater Erie area to represent him in his case. To present he has contacted one attorney and is presently preparing to forward him additional materials for his review. He has made a reference to the fact that he is not fully understanding the type of action and the exact procedural positioning at this time.

## FACTS

10. Plaintiff deems that his action is presently ripening and will soon be set on the Trial List of this Honorable Court. As such there is a certain urgency to this Motion and otherwise preliminary matters for the upcoming trial.

11. As noted for the Court throughout the pleadings of this case, as well as when the telephonic hearing was held with the Court to resolve the issue of "service", Plaintiff is a foreign born Spanish speaking individual. As such he is greatly disadvantaged in his ability to understand the legal process and the wording of pleadings and other materials -- without the assistance of someone to explain things in a simpler manner.

12. Plaintiff is not wholly illiterate or unable to speak conversationally with people in English. But he is not able to rise to the level of precision with the English language

that is necessary to assist the Court.

13. Furthermore, Plaintiff has filed a plethora of materials with the Court. He has also referenced an additional multitude of materials that will be included at the Trial. And in order to facilitate that Trial, it would be beneficial to have counsel represent him to assure all these materials are properly prepared for use.

## DISCUSSION

14. As a general matter, this Court has broad discrettionary power to appoint counsel under 18 USC §3006 A(2) and its civil companion 28 USC §1915 (e)(1). See: Reese v. Fulcomer, 946 F2d 247, 263 (3rd cir. 1991); Morrison v. Duckworth, 898 F2d 1298, 1300-01 (7th cir. 1990); Hook v Wainwright, 775 F2d 1433, 1438 (11th cir. 1985), cert denied, 479 US 913 (1986).

15. Plaintiff will note that much of the case law pertains to criminal actions in post-conviction proceedings. To wit, habeas corpus actions and motions to vacate. But it must be remembered that they are both civil in nature and both require a respect for equity.

16. But more importantly, the case law for §1915 (e)(1) has developed much the same as §3006 A, with the maxim that civil appointments are truly requests. See: Jurisdiction supra.

17. With respect to the Jurisdiction above, Plaintiff deems that he can meet all the requirements for his appointment of counsel.

> Extraordinary circumstances are not required for appointment of counsel for indigent in civil case; instead, court should consider merits of plaintiff's claim, plaintiff's

4

>ability to present his or her case, difficulty of legal
>issues presented, degree to which factual investigation
>will be required, and whether case is likely to turn
>on credibility determinations.
>Tabron v. Grace, (1993, CA3 Pa) 6 F3d 147 cert den (1994)
>510 US 1196, 127 LEd 2d 657, 114 S Ct 1306.

28 USCS §1915 n. 69. Requirement of Exceptional Circumstances.

18. First, the present cause, Plaintiff deems the merits of his remaining claims for Trial, To wit retaliation, are sufficient for the Court's purposes to request counsel. This is supported by the record that the claim has already survived one motion for Summary Judgement.

19. Moreover, the discovery obtained by Plaintiff, coupled with the Defendant's own admissions/concessions, now before the Court in a fully briefed Second Motion for Summary Judgement, clearly show the strength of his claim. See also: First Amended Complaint (consolidating all the record into a comprehensive complaint.

20. Second, as to Plaintiff's ability to present his case; he is no better situated than any other Pro SE indigent inmate. And he has all the limitations normally associated with same; such as a lack of ability to conduct discovery except by mail, lack of funds and staff to properly prepare exhibits for the Jury and Court's needs (as well as other aids normally used).

21. In addition to this, Plaintiff deems that it would be helpful to have an attorney to be able to express things to the Court and other interested parties, who is totally fluent and literate in english. Notwithstanding the fact that an attorney would be better situated by understanding trial procedures that are, as yet, to be accomplished before said Trial begins.

22. Also, the pre-trial conference, <u>voir dire</u>, and other matters are better accomplished in person in chambers by skilled participants to assure the Trial "process" is fair, just, and equitable. There are a multitude of considerations which would require Plaintiff to take continuances in order to be able to research them and make informed decisions. Whereas an experienced legal professional would be positioned to make the necessary decisions with a minimum of delay.

23. <u>Third</u>, there can be no doubt that a claim of retaliation is a difficult and complicated issue to present to the jury. This is supported by the fact that there is often a companion theory upon which the very same conduct/action could be found to be legal.

24. Succinctly, retaliation is often a subjective determination based in/on "circumstantial evidence", which could be of "dual-use" quality. So not only is it often an illusive "animal" it is also one difficult to describe. And as such, this Court can clearly see that the Plaintiff will be facing a difficult task for even an experienced attorney.

25. So it will be beneficial to the Court and Jury to have a schooled and experienced attorney present Plaintiff's cause to assist them in the evidence gathering process. Also, the attorney will be better situated to attempt to give a usable description to the jury so they can identify the cause/claim/issue to apply the evidence to.

26. <u>Fourth</u>, with respect to investigating facts, Plaintiff deems this is at the present time neutral  There does not appear to be a great deal of investigation left for the preparation of

Trial Evidence.

27.  <u>Fifth</u>, Plaintiff sees this last prong to be considered to be enough to "carry the day" by itself.  This is so as the present cause is clearly one of credibility determination.

28.  In fact, at this time the Defendants have filed declarations before the Court which clearly contain falsities and misleading statements.  This is shown by the other declarations filed other Defendants -- in some instances in support of the same motion.

29.  And at other times the Defendants, either singularly or severally, just state, basically, "Plaintiff is lying".  So the credibility determination seems to be central to the present cause.  And this Court is painfully aware of Plaintiff's already tarnished credibility, and it would obviously be beneficial to him to have an attorney do some "damage control".

30.  Also, a skilled advocate will be able to assist the jury in separating Plaintiff's past from the instant cause.  And the only real true issue in this cause is the Defendant's innocence or guilt -- not that of Plaintiff's innocence or guilt for his past conduct.

## CONCLUSION

31.  As set forth more fully above, Plaintiff deems he satisfies the <u>Tabron</u> Court's considerations for appointment of counsel.  And the interests of justice will be served by this Court submitting his case to the local panel for counsel to represent him.

32.  WHEREFORE PLAINTIFF PRAYS, that this Honorable Court will

grant his motion and request counsel to represent him for the final Trial preparations and Trial itself.

33.   AND FURTHERMORE, grant Plaintiff any additional relief this Court deems just and proper.

Respectfully Submitted,

### DECLARATION AND CERTIFICATE OF SERVICE

I, Juan Davila-Bajana, hereby declare under the penalty of perjury pursuant to 28 USCS §1746(2), that the foregoing pleading is true and correct to the best of my knowledge, and that I served a true and correct original of the foregoing pleading and accompanying declaration, by first-class postage prepaid surrender to prison officials the 12th day of June, 2007, to:

1.   Paul D. Kovac
     AUSA for W.D. of PA
     700 grant Street, suite 4000
     Pittsburgh, PA 15219

Juan Davila-Bajana
Fed. Reg. No. 47580-053
FCI Mckean
P.O. Box 8000
Bradford, PA 16701

8