IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUAN DAVILA-BAJANA, | |
| PLAINTIFF, | |
| -VS- | |
| TIM HOLOHAN, ET AL., | CIVIL ACTION No. 04-253E |
| DEFENDANTS. | JUDGE: HON. SEAN J. MCLAUGHLIN |
| | MAGISTRATE: SUSAN P. BAXTER |

PLAINTIFF'S REPLY TO DEFENDANT'S MOTION

IN OPPOSITION TO PLAINTIFF'S FIRST AMENDED COMPLAIN

On July 10, 2007, Defendants filed a Motion in Opposition to Plaintiff's First Amended Complaint. Plaintiff had filed an Amended Complaint on June 12, 2007. For the following reasons, this Honorable Court should reject Defendant's Motion and allow Plaintiff's Complaint to be Amended.

First, Plaintiff has followed the Federal Rules of Civil Procedure regarding the amendment of pleadings. Federal Rules of Civil Procedure, Rule 15(a) states:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served ... **Otherwise a party may amend the party's pleading only by leave of court** or by written consent of the adverse party; and leave shall be freely given when justice so requires. (Bold added for emphasis)

The Court ordered "leave" in its Order of _12/08/06_. While it was <u>sua</u> <u>sponte</u> by the Court, it was nonetheless ordered.

Rule 15(a) in Defendant's Opposition does not condition leave upon Motion only. The Rule clearly states that a party may amend its pleading by leave of Court, which was granted in this instance.

Also, Plaintiff did not intend to do more than re-allege his allegations in a better syntax. And he left all original Counts simply not to divest the Court of its jurisdiction: both District and Appellate Courts of all his Claims.

But the First Amended Complaint does set forth an additional Count of Retaliation based in Defendant's Pleadings and Omissions. Which is within the normal realm of Amended Complaints.

Finally, the Amended Complaint is intended to conform to the materials now placed before the Court. (<u>See</u>: Complaint). As such, it is nothing more than a final pretrial conference -- which often includes the submission of an Amended Complaint.

Plaintiff has no doubt that the Defendants intend to file as many time consuming motions as possible. And no matter when he files his Amended Complaint, they will undoubtedly file an attack on same. So doing it now is the better use of precious judicial resources.

### CONCLUSION

For the above stated reasons, the Court should accept Plaintiff's First Amended Complaint and allow the case to proceed to Trial on same.

                                              Respectfully Submitted

## DECLARATION AND CERTIFICATE OF SERVICE

I, Juan Davila-Bajana, hereby declare and affirm, under penalty of perjury pursuant to USC 1746(2), that the foregoing pleading is true and correct to the best of my knowledge, this 15th day of July, 2007, and that I served, by first-class postage prepaid surrender to prison officials, a true and correct original of the foregoing pleading, the 15th day of July, 2007, to:

1. Paul D. Kovac, AUSA
   700 Grant St., Suite 4000
   Pittsburgh, PA 15219

2. Clerk of Court
   USDC for W.D. of PA
   P.O. Box 1820
   Erie, PA 16501

Juan Davila-Bajana, Pro SE
Fed. Reg. No. 47580-053
FCI Mckean
P.O. Box 8000
Bradford, PA 16701