**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JUAN DAVILA-BAJANA,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **C.A. No. 04-253 Erie** |
| | ) | **District Judge McLaughlin** |
| **TIM HOLOHAN, et al.,** | ) | **Magistrate Judge Baxter** |
| **Defendants.** | ) | |

**MAGISTRATE JUDGE'S**

**REPORT AND RECOMMENDATION**

## I.    RECOMMENDATION

It is  respectfully recommended that Defendants' motion to dismiss or in the alternative for summary judgment [Document # 63] be granted.

It is further recommended that Plaintiff's amended complaint [Document # 86] be dismissed as futile.

By text order filed this day, Plaintiff's Motion for Appointment of Counsel for Trial [Document #87] is dismissed as moot.

## II.    REPORT

### A.    Relevant Procedural and Factual History

On September 7, 2004, Plaintiff Juan Davila-Bajana, a federal inmate currently incarcerated at the Federal Correctional Institution at McKean ("FCI-McKean"), filed this *pro se* action, raising a civil rights claim pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), as well as the Federal Tort Claims Act.  Named as Defendants in the original complaint are: Tim Holohan, UNICOR Factory Manager; Marty Sapko, UNICOR Factory Manager; Debora Forsyth, Superintendent of Industries; Dave English, UNICOR General Foreman; Robert Klark, Camp Administrator; Mr. Houseler, Safety Manager; and the

United States of America.

While incarcerated at the Federal Correctional Institution at McKean, Plaintiff was assigned to work in the Federal Prison Industries (FPI, also known as UNICOR). This work assignment began on March 23, 1999 and ended on March 31, 2003.

In his original complaint, Plaintiff raised three separate claims. Plaintiff claims that he was exposed to a hazardous combination of tobacco smoke and silica dust in his UNICOR assignment in violation of the Eighth Amendment. Next, Plaintiff claims that he was removed from that work assignment in retaliation for complaints he made about the hazardous working environment. Finally, Plaintiff claims that the government is liable under the FTCA for the negligent acts of its employees in exposing him to the hazardous working conditions of UNICOR. Document # 6. The only claim remaining is the retaliation claim as the Eighth Amendment and FTCA claims were dismissed by a previous Report and Recommendation and Order. See Documents # 45 and # 49.

As to the remaining retaliation claim, in his original complaint, Plaintiff alleges:

> From the genesis of Plaintiff's employment in FCI-McKean's UNICOR factory until 3/12/2003, Plaintiff have [sic] consistently complained about the excessive ETS and silica dust in the factory due to the gross negligence and deliberate indifference of the named Defendants to Plaintiff['s] health and safety.
>
> * * *
>
> On 4/8/2003, Plaintiff filed an administrative remedy complaining about Plaintiff['s] unlawful removal form [sic] his night shift job in UNICOR on March 12, 2003 by the Defendants in retaliation for complaining about the ETS and silica dust problems in UNICOR factory.
>
> On 4/29/2003, I was called to a meeting by Defendants, Houseler, Sapko, Holohon, and Klark. After discussing, the problems with ETS and silica dust problems in UNICOR, Plaintiff was coerced by Defendants, Sapko, Holohon, Houseler and Klark to withdraw Plaintiff's administrative remedies because they claimed that Plaintiff was not suffering from any health ailments caused by ETS and/or silica dust. However, they all agreed to reinstate my UNICOR job in the day shift and no more night shift because Defendant English claimed that I complain too much about ETS and silica dust. They claimed that they have informed Defendant Forsyth to give me my job back.
>
> Between May 1, 2003, and May 27, 2003, I repeatedly requested Defendant Forsyth to reinstate my UNICOR job. She refused stating that I complain too much about the excessive level of UNICOR ETS and silica dust and staff's gross negligent [sic] to my safety.

2

* * *

> Defendants [...] violated my First Amendment rights by retaliating against me for complaining about the ETS and silica dust in UNICOR factory by firing me from my job.

Document # 6, Original Complaint, ¶¶ 8-10, 12.

Defendants have filed a motion to dismiss or in the alternative for summary judgment. [Document # 63] and Plaintiff has filed an Opposition Brief [Document # 77]. Additionally, Plaintiff has filed an Amended Complaint [Document # 86] and Defendants have filed a Brief in Opposition to the Amended Complaint [Document # 88]. Also pending is Plaintiff's motion for the appointment of counsel for trial [Document # 87].

The issues are fully briefed and are ripe for disposition by this Court.

### B.    Standards of Review

#### 1.    *Pro se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

**2.    Motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be

viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the

complaint must be accepted as true.  Neitzke v. Williams, 490 U.S. 319 (1989); Langford v.

City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000).  The motion cannot be granted unless

the court is satisfied "that no relief could be granted under any set of facts that could be proved

consistent with the allegations."  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). See also

Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).

Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a

claim for relief which contains a short and plain statement of the claim showing that the pleader

is entitled to relief.  The issue is not whether the plaintiff will prevail at the end but whether he

should be entitled to offer evidence in support of his claim.  Neitzke v. Williams, 490 U.S. 319

(1989); Scheuer v. Rhodes, 419 U.S. 232 (1974).  However, a court need not credit a

complaint's "bald assertions" or "legal conclusions" when deciding a motion to dismiss.  Morse

v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997) citing In re Burlington Coat

Factory Securities Litigation, 114 F.3d 1410, 1429-30 (3d Cir.1997).  Therefore, in order to

survive a motion to dismiss for failure to state a claim, the complaint must only set forth

sufficient information to suggest that there is some recognized legal theory upon which relief

can be granted.  See Swierkiewicz.

**3.    Motion for Summary Judgment pursuant to Fed.R.Civ.P. 56**

Federal Rule of Civil Procedure 56(c)  provides that summary judgment shall be granted

if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with

the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law."  Rule 56(e) further provides that when

a motion for summary judgment is made and supported, "an adverse party may not rest upon the

mere allegations or denials of the adverse party's pleading, but the adverse party's response, by

affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is

4

a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Company, 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990).

The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Company v. Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information contained in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. Celotex, 477 U.S. at 322; Country Floors, 930 F.2d at 1061.

A material fact is a fact whose resolution will affect the outcome of the case under applicable law. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). Although the court must resolve any doubts as to the existence of genuine issues of fact against the party moving for summary judgment, Rule 56 "does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegation or suspicions." Firemen's Ins. Company of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Summary judgment is only precluded if the dispute about a material fact is "genuine," i.e., if the evidence is such that a reasonable jury

5

could return a verdict for the non-moving party.  Anderson, 477 U.S. at 247-249.

C.    The Retaliation Claim

"Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under section 1983."  See White v. Napoleon, 897 F.2d 103, 111-12 (3d Cir.1990).  "Government actions, which standing alone, do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right."  Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003) quoting Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000).

In order to state a *prima facie* case of retaliation, a prisoner must demonstrate:

1) the conduct in which he was engaged was constitutionally protected[1];

2) he suffered "adverse action" at the hands of prison officials[2]; and

_____

[1]  Defendants argue that Plaintiff has not satisfied the first prong as he has not alleged that he engaged in any protected activities **prior** to his removal from UNICOR (the alleged adverse action Plaintiff suffered).  In his complaint, Plaintiff alleges that he was removed from his night shift job on March 12, 2003 based upon his complaints about ETS and silica dust. Document # 6, ¶ 9.  The record is clear that Plaintiff did not file any **formal** grievance **prior** to his March 12, 2003 removal from UNICOR; instead, Plaintiff only complained **informally** prior to the termination of his employment.  While it is clear that access to courts is constitutionally protected conduct [see Christopher v. Harbury, 536 U.S. 403 (2002); Bounds v. Smith, 430 U.S. 817 (1969)] and the filing of inmate grievances has been held to be protected activity [Lentz v. Vaughn, 2006 WL 166527, *3 (E.D. Pa.); Robinson v. Taylor, 204 Fed.Appx. 155 (3d Cir. 2006); Milhouse v. Carlson, 652 F.2d 371 (3d Cir. 1981)], the Third Circuit has not issued any decision holding that informal complaints such as Plaintiff's constitute protected activity.  See Booth v. Pence, 354 F.Supp.2d 553, 561 n.6 (E.D. Pa. 2005), affirmed 141 Fed. Appx. 66 (2005).

[2]   To show the second prong, "adverse action," one  must demonstrate that the defendant's actions were "sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights."  Allah v. Al-Hafeez, 208 F.Supp.2d 520,535 (E.D. Pa. June 24, 2002) quoting Allah v. Seiverling, 229 F.3d at 225.  See also Dixon v. Brown, 38 F.3d 379, 379 (8th Cir. 1994) (a plaintiff "need not show a separate, independent injury as an element of the case ... because the retaliatory disciplinary charge strikes at the heart of an inmate's constitutional right to seek redress of grievances, [and] the injury to his right inheres in the retaliatory conduct

3) his constitutionally protected conduct was a substantial or motivating factor in the decisions to discipline him[3].

Carter v. McGrady, 292 F.3d 152, 157-58 (3d Cir. 2002) quoting Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). See also Davis v. Pennsylvania State, 2007 WL 2128342 (3d Cir. July 26, 2007).

Following the satisfaction of a *prima facie* case of retaliation by a plaintiff, the burden then shifts to defendants to demonstrate, by a preponderance of the evidence, that their actions would have been the same, even if the plaintiff were not engaging in the constitutionally protected activities. Carter, 292 F.3d at 158. "Once a prisoner has demonstrated that his exercise of a constitutional right was a substantial or motivating factor in the challenged decision, the prison officials may still prevail by proving that they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Rauser, 241 F.3d at 334.

Assuming *arguendo* that Plaintiff could show that his verbal complaints were considered constitutionally-protected activity, that the suspension from his UNICOR job was adverse action, and that Plaintiff's verbal complaints were the substantial motivating factor behind the

---

itself.").

[3]  In analyzing the third element of the retaliation test, the court must determine whether there is a causal connection between the exercise of the constitutional rights and the adverse actions. "A suggestive temporal proximity between the protected activity and an alleged retaliatory act may be sufficient to meet the causal link requirement of the *prima facia* case." Allah v. Al-Hafeez, 208 F.Supp.2d at 535 citing Rauser, 241 F.3d at 330 and Johnson v. Rendell, 56 F.Supp.2d 547, 552 (E.D. Pa. 1999). While suggestive temporal proximity may be relevant to this inquiry, it is not dispositive of the issue. See Farrell v. Planters Lifesavers Company, 206 F.3d 271, 280 (3d Cir. 2000). "[I]f timing alone could ever be sufficient to establish a causal link, ... the timing of the alleged retaliatory action must be 'unusually suggestive' of retaliatory motive before a causal link will be inferred." Estate of Smith v. Marasco, 318 F.3d 497, 512 (3d Cir. 2003) quoting Krouse v. American Sterilizer Company, 126 F.3d 494, 503 (3d cir. 1997). The Third Circuit has found that such a temporal inference could be drawn where two days passed between the protected activity and the alleged retaliation, see Jalil v. Avdel Corp., 873 F.2d 701, 708 (3d Cir. 1989), but not where nineteen months had passed, see Krouse, 126 F.3d at 503.

action, Defendants are entitled to prevail on summary judgment because they have provided sufficient, penologically grounded reasons to support Plaintiff's removal from employment.

Defendants argue that their actions are based on the "legitimate penological interest" of maintaining institutional safety and security. Specifically, they explain that Plaintiff was removed from his UNICOR job, along with two of his inmate coworkers, as part of an investigation after contraband (a piece of sharpened scrap metal) was discovered in the vicinity of their assigned common work area. See Document # 64-2, Exhibit 1, Declaration of martin Sapko, Factory Manager, ¶ 16; Document # 64-10, Exhibit 2, Declaration of David English, Woodwork Supervisor, ¶¶ 7-9; and Document # 64-11, Exhibit 3, Declaration of Debora Forsyth, former Superintendent of Industries, ¶¶ 5-6. Plaintiff had previously been removed from a UNICOR work assignment for a similar incident. Document # 64-11, ¶ 7.

Plaintiff has provided no evidence to the contrary and indeed, does not even attempt to argue to the contrary, but acknowledges that the investigation could be the reason he was removed from his job. See Document # 77, Plaintiff's Opposition Brief, page 5 ("[...] Plaintiff was not noticed of why he was being 'sent home' from work at the time he was being released [from his job]. And he was, the next day, taken to the Captain's office and had an interview with him and others pertaining to the alleged contraband materials in Plaintiff's work area. So, [...] Defendants now profess, and may even be correct, as to the reasoning he was released from his UNICOR work...").

As Defendants have presented a preponderance of evidence that their alleged retaliatory actions are supported by a legitimate penological interest and Plaintiff has not contradicted that evidence, summary judgment should be granted in favor of Defendants.[4]

---

[4] As this Court recommends that summary judgment be granted on this ground, Defendants' qualified immunity argument is moot and need not be addressed any further by this Court.

**D.    Futility of Amendment**

_____Plaintiff has filed an amended complaint seeking to further explain his allegations of retaliation.

Federal Rule of Civil Procedure 15(a) states that "leave [to amend] shall be freely given when justice so requires."  Fed.R.Civ.P. 15(a).  "In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be freely given."  Foman v. Davis, 371 U.S. 178, 182 (1962) (interpreting Federal Rules of Civil Procedure).  An amendment would be futile when the complaint, as amended, would fail to state a claim upon which relief could be granted.  In re NAHC, Inc. Securities Litigation, 306 F.3d 1314, 1332 (3d Cir. 2002).

Accordingly, the amended complaint should be dismissed as futile as nothing therein defeats the pending motion for summary judgment.

**III.    CONCLUSION**

For the foregoing reasons, it is respectfully recommended that Defendants' motion to dismiss or in the alternative for summary judgment [Document # 63] be granted.

It is further recommended that Plaintiff's amended complaint [Document # 86] be dismissed as futile.

By text order filed this day, Plaintiff's Motion for Appointment of Counsel for Trial [Document #87] is dismissed as moot.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a

waiver of appellate rights. <u>See</u> <u>Nara v. Frank</u>, ___ F.3d ___, 2007 WL 1321929 (3d Cir. May 08, 2007).

Susan Paradise Baxter<br>
SUSAN PARADISE BAXTER<br>
Chief United States Magistrate Judge

Dated:  August 28, 2007