UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

JUAN DAVILA-BAJANA,

    PLAINTIFF,

-VS-

TIM HOLOHAN, ET AL.,

    DEFENDANTS.

FILED
SEP 2 5 2007
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

CIVIL ACTION #04-253E

JUDGE: SEAN MCLAUGHLIN
MAGISTRATE JUDGE BAXTER

### OBJECTIONS TO MAGISTRATE JUDGE BAXTER'S REPORT AND RECOMMENDATION OF AUGUST 28, 2007

    1.    NOW COMES Juan Davila-Bajana, Pro Se (Plaintiff); and hereby respectfully submits his Objections to Magistrate Judge Baxter's Report and Recommendation of August 28, 2007. (R&R).

    2.    Plaintiff has been Granted an extension to and including September 21, 2007; and he timely files his Objections. See: Certificate of Service, infra; see also Houston v. Lack, 487 US 266 (1988) (prisoner pleading surrendered to prison by date due is timely "filed").

### PROCEDURAL BACKGROUND

    3.    As a general matter, Plaintiff does not dispute the Facts set forth my Magistrate Baxter in her §II of the R&R. He does, however, deem that the Magistrate has failed to include material facts that are pled by the Plaintiff. Many of which are either not disputed by the Defendants or are more aptly

found to be in Plaintiff's favor.

4.  Additionally, Plaintiff deems that the Counter Statements of Facts in his Response/Opposition to the Defendant's Second Motion to Dismiss and First Motion to Dismiss (both including a prayer for Summary Judgement in the Alternative); are relevant and carry the same weight of that of an Affidavit as they are both signed under the penalty of perjury. See: the Declaration at the bottom of both referenced pleadings.

5.  And as such Plaintiff respectfully references them as if set forth fully herein. This will conserve precious resources so that Plaintiff does not need to reiterate them in their entirety and the Court will not have to receive them in duplicate. This is to assist the Court and also because the Magistrate Judge has abused her discretion and not Granted Plaintiff the complete extension that he had requested. See: Consolidated Motion for and Brief in Support Enlargement of Time .... (09/09/07).

6.  Plaintiff will attempt to make a clear reference to the Record at the appropriate place in these Objections so that the Court will not be forced to peruse the entire set of Oppositions to find the relevant facts. This should reduce the strain on the precious judicial resources and allow for more precise de novo review of the Record.

7.  But also Plaintiff will state that the Facts to dispute the findings of the Magistrate Judge's R&R are succinctly as follows. First; Plaintiff does not, as noted by Judge Baxter, serious dispute the fact that there is a possible alternative reasoning for his having been removed from the UNICOR factory at the time he was told to leave. However, the fact is that

the mere acquiescance that there is a "possible" explaination is **not** the same as there actually being one.

8.   The passage cited by Judge Baxter in the R&R at p.8, "... Defendants now profess, and may be correct, as to the reasoning he was released from his UNICOR work...." is from Plaintiff's Response to the <u>Second</u> Motion for Summary Judgement at p.5, ¶ 16.  The problem is that Judge Baxter takes this out of context as the "released" was strictly referring as to Plaintiff being asked to leave the factory that night -- not in reference to the actual not being allowed to continue his employment at UNICOR.

9.   Moreover, Plaintiff would direct the Court to his ¶ 21 of the <u>Second</u> Response at p.7.  Thereat it clearly states and gives "proof" that the actions that were undertaken by the Defendants could never have been as they now profess them to have been.  The BOP Policy clearly states that there is a procedure that must be done in order for an inmate to be refused employment at the factory for the type of reasoning that is now professed.

10.  The Defendants' have not produced the Memorandum that was required by Policy, nor have they produced one that would be done in order to remove the Memorandum to allow Plaintiff to work at the factory at this time.  This is mentioned as Plaintiff has been, in the last _6_ months, been scheduled at the UNICOR factory for job interviews and offered employment at the factory without explanation.  <u>See</u>: Exhibits A & B, "callouts" for Plaintiff to the factory.

11.  So the "fact" is that the reasoning made to the Court

3

is not supported by the evidence, nor is it supported by the Policy. Plaintiff has shown by a specific reference to the BOP Policy that in order for the scenario that is being professed by the to have taken place -- there is a certain "paper trial" which must be made. And the Defendants have provided none of the materials that are set forth in the BOP Policy P.S. #8120.02 at Chapter 3, §4(a). See: Second Response at p. 7, ¶ 21. (Quoting the P.S.).

12. In sum, Plaintiff states that the Fact(s) are that he *does* *not* agree that he was released from UNICOR in compliance with policy or that there is a justified penological interest for same. Simply stating that there are possible hypothetical situations is not the same as agreeing to something -- especially when the one professing the hypothetical does not provide the supporting documentation to support it.

13. Also, Plaintiff states that the fact is that the Retaliation of the Defendants *after* his not being assigned to the day shift as told he would, is a cognizable Claim from Plaintiff Davila simply as it "relates back" to the time period of the Complaint and is clearly a Claim that the Defendants would understand to be able to be raised. Which is to say that the Claim could have been stated in the Original Complaint and therefore should be allowed as an Amendment.

14. Moreover, it must be remembered that the Court had already Granted Leave to Amend. And the Amendment was nothing more than an attempt by Plaintiff to conform his Pleading to the evidence before the Court. Which would be done as a matter of course before selecting the Jury anyhow.

4

## OBJECTIONS

15.  As an initial note, Plaintiff deems the cases cited by the Magistrate are adequate to resolve the dispute at hand; to wit, whether or not the Defendants are entitled to Dismissal or Summary Judgement.  But he does, of course, dispute the factual determinations by Judge Baxter and the legal application of same -- or the case law to the facts as deemed proven at this juncture.

16.  First; Plaintiff deems that he easily meets the "temproal proximity" test of Allah v. Al-Hafeez, 208 F.Supp.2d 520, 535 (E.D. Pa 2002).  This is so as the timing of the "release" from UNICOR clearly coincided with his verbal complaints, and was in the interim while he filed his administrative remedy.

17.  So while the Defendants obviously knew that he would file a formal complaint with the BOP, they also knew that he did after asking him to leave the factory without even telling him why he was being asked to do so.  This is even though Plaintiff was then called to the lieutenant's office the next day.

18.  The fact is that this shows not that the Defendants were acting according to a penological interest, but were merely making up a ruse to have Plaintiff removed from the factory.  They in fact went as far as to have two other inmates (Aponte and Cortez) removed at the same time.  But none of the inmates were ever issued an incident report for violation of BOP Policy; and the other inmates were allowed to return to work.  (Actually one was released from prison before he could be reassigned to the factory.)

19.  The main point that must be considered at this juncture

is not that there is a possible justification of the Defendants' actions -- but whether or not they have "shown" that the plausible avenue was, in fact, the one taken by the Defendants. In the instant Cause the BOP Policy is clear:

> ... A refusal to assign **must** be documented by a **memorandum to the unit team listing** reasons for the refusal, **with a copy to the position classification files in [Federal Prison Industries]**....

P.S. #8120.02, Chapter 3, §4(a). (Bold and underline added).

20. Here we have explicit language that mandates certain action(s) be taken in order for the Defendants to have done as they now claim. This clearly shows that the Defendants have not met their burden simply as they have not provided the mandatory documents that had to be done. They have, however, as pointed out by the Plaintiff, provided the Court with a copy of the Plaintiff's Central File which is maintained by his Unit Team -- the same Unit Team referenced in P.S. #8120.02.

21. So, if the reason for the removal from UNICOR was as proffered, the "memorandum" required by Policy would be there. Notwithstanding that the "position classification files" referenced in the same P.S. are at the UNICOR factory at McKean where the Defendants, or most of them, still work. So they could have sent their copy from the factory just as easily. (But this would raise suspicion simply as the fact that the memorandum is not in Plaintiff's Unit Team's file is enough for the inquiry before the Court.)

22. Where issue in case was determined by summary judgement, standard of review must be stringent, and record must negate probability that evidence calling for contrary result might be developed at trial; if pleadings, affidavits and depositions available when motion for summary judgement must be ruled on fail to resolve any relevant issue, summary judgement is premature.

6

Beech v United States (1965, CA5 Tex) 345 F2d 872. USCS, Federal Rules of Civil Procedure, Rule 56.

23.  Second; the above cite is even more relevant when reviewing the factual determinations that were made by Judge Baxter to support her R&R.  At p.8, first full paragraph, she cites to three Affidavits supplied with the Defendants' Second Summary Judgement motion.  But it must be remembered that Plaintiff strenuously objected to them and pointed out the many inconsistencies.

24.  Again, the Affidavit from Defendant Sapko, Doc. #64-10, Exhibit 2, ¶ 16 -- **does not state anything about any weapon at all**.  In fact, Plaintiff can find no reference in said Affidavit of any weapon, and Defendant Sapko even basically states he doesn't remember much of anything at all.

25.  At this time Plaintiff will state for the Record that it was even Defendant Sapko who has interviewed Plaintiff and attempted to have him come to work at the factory as noted above.  See: Exhibits A & B.  Though he would not restore Plaintiff's previous grade and seniority.

26.  Additionally, the Affidavit of Defendant English, at the referenced parts, Doc. #64-10, ¶¶ 7-9, describes "scrap material **which could have been used to fashion a weapon....**" There is no reference to a piece of metal by him at any time, and in fact I believe the material that he references was a piece of plastic any how.

27.  Next the portion referenced from Defendant Forsyth, Doc. 64-11, ¶¶ 5-6, does finally show a "sharpened piece of metal"  But Plaintiff has already addressed this and the Defendants provide no documents from the prison "investigation" they allege

7

to have taken place to support this. If there had been a sharpened piece of metal found in the factory, there would be a comprehensive report done by Special Investigative Services (SIS).

28. And Plaintiff does not doubt that if this report existed, the Defendants would have supplied it. In fact, Plaintiff is seeking this documentation through the Freedom of Information Act (FOIA) and Discovery -- but has yet to receive it. In sum, the only thing that is sure is that the Affidavit of Defendant Forsyth does nothing more than place unsubstantiated allegations in the Record to make Plaintiff look like a "bad person".

29. Especially as the other Affidavits cited by Judge Baxter do not support the fact that any weapon was found -- much less a "sharpened piece of metal." So what Plaintiff is saying is not that "okay, that's it"; but is saying that even though it is possible, no one has shown it to be so.

30. The only thing that the Defendants have shown is that there is a possible reason, not that that is the reason that Plaintiff was released from UNICOR. Which it must be remembered that he was not removed from the factory -- but just told that he would be transferred to the day shift.

31. <u>Third</u>; Plaintiff deems that the Amended Complaint is not in vain and is appropriate considering the Facts and circumstances that have come to light through Discovery. In the Amended Complaint Plaintiff sets forth the reasoning that he employed to file the Amendment. But of import is the fact that Judge Baxter had already Granted Leave to Amend the Complaint.

32. So the fact of the matter is that he was only complying with the Court's leave. And furthermore, the added Count clearly

8

"relates back" to the time that is relevant to the Complaint as originally filed. And had he wished to, Plaintiff could have included the Count in the Original Complaint.

33. Moreover, as referenced above, Plaintiff states that the facts supporting the additional Claim of retaliation after his being "sent home" and then not placed on the day shift as promised have become clear since the Discovery process and subsequent pleadings placed on the Record by the Defendants. Which includes the Exhibits that were supplied with same and the answers to interrogatories.

34. And the Amended Complaint clearly sets forth the matters which are properly alleged and therefore will assist all the interested parties and the Jury to determine the material facts. None of which the Defendants have shown conclusively are in their favor. They merely dispute the claims made by Plaintiff with hollow claims and fail to provide the documentation that policy mandates they had to create in order to do as they claim.

## CONCLUSION

35. In sum the Magistrate Judge is incorrect in the references that are made to the portions of the Record. The portions cited to just do not even say literally what Judge Baxter states; or is taken out of context to make it appear that Plaintiff is making different assertions than he is.

36. This Court is well aware that the Court must entertain a pro se prisoner's pleadings "with a measure of tolerance". See: R&R at p.3, §B.1. So the literal interpretation, without something to support it, is not proper. In this case, as shown

9

above, the language that is quoted by the Magistrate Judge from Plaintiff's own pleadings is not made in the type of context as inferred. But that he actually had different intent with that particular statement and therefore there is no agreement by him in support of the Defendants' contentions as to the "justifiable penological interest" that was used to displace him from UNICOR.

37. Moreover, the additional materials cited do not even state what is referenced by Judge Baxter. The Affidavits say something different than that quoted -- or are previously shown to be incorrect. Notwithstanding the fact that the allegations by Defendant Forsyth would require additional documentation created by the BOP and this is not included with the Affidavit and/or <u>Second</u> Motion for Summary Judgement.

38. And should the Defendants have truthfully and honestly removed the Plaintiff from his UNICOR work for the reason stated or related conduct, which the policy says that this could be done, there is nothing in the Record which shows that this is so. If the Defendants had removed him for this, the Memorandum would have been done and in the Exhibit attached to the Second Motion for Summary Judgement. <u>See</u>: Exhibit _A_ , Plaintiff Davila's Unit Team Central File, (No memorandum found therein.) to 2nd Sum. Jud.

39. Finally, the Amended Complaint that was filed was done pursuant to Leave of the Court and is not futile simply as it states the original claim of retaliation and one of similar nature which relates back to the original time period. And this Claim could have been made in the original Complaint and therefore is a proper Amendment.

40. WHEREFORE PLAINTIFF PRAYS, that the Honorable Sean

10

McLaughlin will conduct a _de novo_ review of the Record with particular attention to the places referenced by Plaintiff; and then find that the Magistrate Judge was in err and reject the R&R and remand his cause to a different Magistrate Judge.

41.   AND FURTHERMORE, find that Judge Baxter was abusing her discretion in not granting Plaintiff his Extension of time to file his Objections; but instead truncated the time so that he was forced to rush his Objections.

42.   AND FURTHERMORE, Grant Plaintiff any additional Relief the Court deems just and proper.

Respectfully Submitted,

### DECLARATION AND CERTIFICATE OF SERVICE

I, Juan Davila-Bajana, hereby declare and affirm, under the penalty of perjury, that the foregoing pleading is true and correct to the best of my knowledge and recollection, _and_ that I served a true and correct original, by first-class postage prepaid surrender to the prison officials, this 21st day of September, 2007, to:

1. Paul D. Kovac, AUSA
   700 Grant St., Ste. 4000
   Pittsburgh, PA 15219

Juan Davila-Bajana, Pro Se
Fed./Reg. No. 47580-053
FCI McKean
P.O. Box 8000
Bradford, PA 16701
